Judge Napton
delivered the opinion of the court.
This was a proceeding in the circuit court of St. Geneveive county? to establish the will of Elizabeth S. Holmes, probate of which had been denied by the county court of that county.
Richard M. Holmes and James W. Holmes were’ the attesting witnesses, and they were heirs at law to the testatrix. It appeared that by the will of Elizabeth Holmes, all her property was left to her nephew, Allen Augustus Holloman, a minor, by whose prochein ami this proceeding was instituted. The proceedings of the probate court, in relation to the will, which were read in the’ circuit court without objection, showed that the execution of the will was sworn to by both of the attesting witnesses, but one of these testified that the testatrix was of unsound mind.
Upon the trial of the issue, devisant vel non in the circuit court, the two subscribing witnesses to the will, who had been as heirs at law cited to appear, refused to testify. The court thereupon admitted other witnesses, who established the hand writing of the subscribing witnesses, and the hand writing and signature of the testatrix, as well as the facts, that the will was signed and attested by the testatrix, and the witnesses in the presence of each other, and that she was .of sound *537 mind. These facts were found by the jury upon instructions from the court.
The only points relied on in this cause are in relation to the admissibility of the witnesses who were permitted to prove the execution of the will.
The plaintiffs in error insist that the court first erred in deciding that they (the subscribing witnesses) were incompetent to testify at the time of trial. This decision of the court was in their favor, and made at their instance, and the exception was taken by the adverse party. They refused to testify, because they were parties to the record, and their interest was against the establishment of the will. That they might have testified, if they were willing, was decided by this court in Dickey vs. Malachi (6 Mo. R. 171.) If any error was committed by the court in allowing the exemption which they claimed, it is not one of which they can complain. The general rule is undoubtedly, that parties to a suit cannot be compelled to testify; it is not material now to determine whether the present case is an exception.
Our statute requires a will to be attested by two or more competent witnesses, but if the witnesses are competent, at the time of the execution of the will, a subsequent incompetency will not affect the validity or formality of its execution. If this was so, the purposes of a testator might be defeated by events which no precaution on his part could anticipate or prevent. Hence it is held, that where a witness to a will is competent, when he attests, a subsequent commission of a crime or succession to an estate under the devise, will not invalidate the execution, but in such cases the hand writing of the witnesses may be proved.
Our statute has provided for several cases of this kind. Thus, where the witnesses, or either of them, are dead, insane, or their residences unknown, secondary evidence is expressly authorized. These instances are not, I apprehend, to be construed upon the maxim of expressio únius exclusis alierius, but are merely a codification of what was already the common law, and a recognition of the principle upon which secondary evidence may be admitted. This principle will apply as well to other cases of incompetency arising subsequent to the execution of the will as to the cases put.
The witnesses to the will were clearly competent at the time of subscribing. They were heirs at law, and not legatees or devisees under the will. Their interest was against the establishment of the will, and under such circumstances this court has recognised their competency *538 in several cases. They relied upon their exemption as parties to the record, and relying upon the privileges incident to such a position, refused to testify. If such a refusal should have the effect now claimed, and prevent the introduction of other testimony to establish the will, the intentions of the testator must be very often liable to be defeated, and a will valid at the date of its execution, be rendered inoperative by subsequent circumstances not likely to be foreseen.
Judgment affirmed.