MAYS *et al.*, *Appellants*, v. MAYS *et al.*

### Division One, March 13, 1893.

1. **Practice, Appellate**: EVIDENCE: EXCEPTIONS. Rulings on evidence are not reviewable unless excepted to at the time.

2. ——: ——: WAIVER. The error of admitting or excluding evidence must be assigned in the motion for a new trial, otherwise it is waived.

3. **Will**: WIFE: PROPER AND UNDUE INFLUENCE. There is a distinction between the proper and the undue influence of a wife. In this case the evidence is held to have no tendency to prove any such undue influence.

4. ——: PROBATE: SUBSCRIBING WITNESSES: SANITY OF TESTATOR. It is not essential to the probate of a will in solemn form that the two subscribing witnesses should then testify that the testator was of sound mind when he executed the instrument.

5. ——: ATTESTATION. The attestation of a will is complete when the witnesses have subscribed their names to the will in the presence of the testator.

*Appeal from Marion Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*Edward McCabe* and *H. J. Drummond* for appellants.

(1) The court erred in permitting the paper writing called the will to be admitted in evidence. The attesting witnesses were not questioned as to the testator's sanity and said nothing on the subject. See Revised Statutes, 1889, sec. 8870; *Swift v. Wiley*, 1 B. Mon. 114; *Senish v. Nason*, 22 Me. 441; *Reed v. Watson*, 27 Ind. 448. (2) When it is required witnesses to attest the signing of a will, it is by implication required of them to attest the capacity of signing. *Withinton v.*

*Withinton,* 7 Mo. 589; *Cravens v. Faulkner,* 28 Mo. 22; *Appleby v. Brock,* 76 Mo. 314. (3) The court erred in instructing that there was no sufficient evidence of undue influence on the part of the testator's wife over his mind. Schouler on Wills, sec. 214; *Griffith v.· Diffenderfer,* 50 Md. 466; *Haydock v. Haydock,* 33 N. J. Eq. 494; *Maris v. Freeman,* 3 Redf. 181; *Marx v. McGlynn,* 88 N. Y. 357. Undue influence sufficient to invalidate a will may be exerted without positive fraud. *Stewart v. Elliot,* 2 Mackey (D. C.), 307. When a will is impeached for undue influence, the inquiry is not merely whether an undue influence was exercised at the time of the execution of the will, but whether an undue influence had been acquired and operated upon the testator in the disposition of his property. *Harvey v. Sullens,* 46 Mo. 147; *Hughes v. Burris,* 85 Mo. 666; *Taylor v. Wilburn,* 20 Mo. 306. (4) The court erred in permitting the inventory of the estate of John Mays, deceased (the brother who was not permitted to see the testator at the time of executing the paper) to be read in evidence. (5) The court erred in permitting the record of the judgment of the probate court, showing the writing produced to have been there admitted to probate as the will of deceased, to be read in evidence to the jury. Under the law in this state, the proponent takes the initiative and has the opening and the close. The proponent introduced the subscribing witnesses and sought to establish by them the execution of the will and the soundness of mind of the testator. This is necessary to make a *prima facie* case. *Harris v. Hays,* 53 Mo. 96; *Benoist v. Murrin,* 48 Mo. 51. The probate of a will in solemn form is in the nature of an appeal from the probate court to the circuit court, and is a trial *de novo. Sewell v. Robbins,* 139 Mass. 164; *Benoist v. Murrin,* 48 Mo. 45; *Harris v. Hays,* 53 Mo. 90. (6) The court erred in permitting the whole record

of the probate court including the certificates of the subscribing witnesses to be read to the jury, and erred in permitting the certificate of Wm. N. Hickman one of said witnesses to be read to the jury afterward. *Bidwell v. Swank*, 84 Mo. 471.

*W. M. Boulware* for respondents.

(1) The action of the court in admitting the will is not made a ground of the motion for a new trial and hence the court's ruling is not available to appellants as reversible error. *Matlock v. Williams*, 59 Mo. 105; *Ward v. Quinlivin*, 65 Mo. 453; *Weatherall v. Harris*, 51 Mo. 65; *Carver v. Thornhill*, 53 Mo. 283; *Vinyard v. Matney*, 68 Mo. 105. (2) The court did not err in admitting the will. The will was duly signed by testator and subscribing witnesses. This is not denied. The entire soundness of mind of testator was proven by subscribing witness Scott, and testamentary capacity was shown by subscribing witness Hickman. This is not denied. The testimony of one subscribing witness, Scott, was sufficient to prove the capacity *prima facie*, if the instrument was properly attested. This is not denied. (3) The objection to the competency of evidence as to the value of the estate of John Mays, brother of the testator, is not available. *First.* No ground of objection was stated at the time of making the objection. *Second.* The evidence was competent. *Thompson v. Ish*, 99 Mo. 172. (4) The evidence was not sufficient as a matter of law to sustain the charge that the will was the product of undue influence exercised over the mind of the testator by his wife. The line separating the functions of court and jury with reference to the evidence, even if clearly discerned in theory, has not always been applied without obscurity in practice. It is considered that the rule is now settled

in this state that substantial evidence only will require the submission of the issue to the jury as a question of fact, and that, if, conceding all the inferences which may be fairly drawn from the testimony, the evidence is not sufficient to sustain the fact alleged as a fact, then that the court should so instruct the jury. *O'Hare v. Railroad,* 95 Mo. 681; *Powell v. Railroad,* 76 Mo. 83; *Landis v. Hamilton,* 77 Mo. 562. (5) The just influence of a wife over her husband cannot be characterized as wrongful or undue. *Thompson v. Ish,* 99 Mo. 160.

BARCLAY, J.—This is an action to "contest the will of Latham Mays, deceased, and to require its probate in solemn form. The will was made November 24, 1886, and gave all his estate (including considerable realty) to his wife, who is one of the defendants. He died October 5, 1887, leaving no children. The plaintiffs are all of his next of kin, brothers, sisters, etc., who would inherit in event of his intestacy, except certain minors who are joined with Mrs. Mays as defendants.

The issues were tried before Judge BACON and a jury with the result of a judgment establishing the will. Plaintiffs have appealed.

1. Rulings upon evidence at a trial are not properly saved for review unless an exception is noted in some reasonably definite way to each of them at the time.

2. Error, if any there be, in admitting or in excluding testimony, must be brought to the notice of the trial court in the motion for new trial; otherwise it is considered waived, and cannot form the basis for a reversal.

These propositions are so firmly established as part of our system of procedure that it is unnecessary now

to do more than state them. But they dispose of several points advanced on behalf of the plaintiffs, which otherwise would require further notice.

3. The court at the close of the testimony declared, by an instruction, that there was no sufficient evidence tending to prove that the execution of the will was induced by the exercise of undue influence over the testator's mind by his wife.

Of this instruction plaintiffs complain. Its correctness depends on the construction of a variety of details of testimony which we see no occasion to spread upon the present record. Each of the judges has examined them and all agree fully with the circuit judge in his view of their probative force, having regard to the rule of law on this point embodied in former judgments, distinguishing between the proper and the undue influence of a wife. *Rankin v. Rankin*, 61 Mo. (1875) 295; *Myers v. Hauger*, 98 Mo. (1889) 433; *Thompson v. Ish*, 99 Mo. (1889) 160.

4. Plaintiffs next contend that the proof of due execution of the will was insufficient because one of the subscribing witnesses, as they claim, did not upon the trial vouch for the soundness of mind of the testator. This one of the two witnesses to the will testified to the formal steps of attestation as did the other subscribing witness. No irregularity is suggested in that regard, or in respect of the competency of either witness. But the claim is that final probate of a will cannot be made unless the two attesting witnesses declare, upon that hearing, that the testator was of sound mind when he did the act in question.

Bearing on this subject, our law requires that the testator be of "sound mind" (Revised Statutes 1889, sec. 8869); and that the will "be in writing, signed by the testator, * * * and shall be attested by two or more competent witnesses, subscribing their names

to the will in the presence of the testator." Revised Statutes, 1889, sec. 8870; Revised Statutes, 1879, sec. 3962.

There was abundant evidence, from other witnesses than those who subscribed to the will, that the testator was of sound mind when he published it, and we may assume for our present purposes that but one of the subscribing witnesses so testified, without going into an analysis of the testimony of the other.

The law does not place the validity of these important muniments of title at the mercy of those who may be called upon to verify their execution. The attestation is completed "by subscribing their names to the will in the presence of the testator." To give force and effect to their act in so subscribing, it is not necessary that they shall afterwards, upon the solemn probate of the will, indorse the testamentary capacity of the testator. Their evidence is not conclusive to sustain or to destroy the will. The law does not so require, either expressly or by any reasonable inference of its intent.

In the case at bar the jury, under appropriate instructions, found the facts necessary to the proper execution of the instrument, and that the testator was of sound and disposing mind, within the meaning of the law. No sufficient reason has been shown to disturb the verdict.

The judgment is affirmed. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.