Barclay, J.
This is a proceeding to contest the alleged will of Thomas Stephens, deceased. Plaintiff is a son of Mr. Stephens. The defendants are other children of the deceased, and some grandchildren. The will is in favor of the defendants, the plaintiff receiving only a nominal legacy of $5. It has been admitted to probate in ordinary form, in the probate court of the county.
The grounds of the contest are, in substance, that the testator was not of sound mind at the date of the writing; that the latter was obtained by undue influence, and, generally, that it is not his will.
At the trial the defendants, as proponents of the document, took up the burden of proof. At the close of their testimony the trial judge gave an instruction as follows:
“The court declares the law to be that the burden is upon the defendants to show that the paper writing *427 produced as the will of Thomas Stephens, deceased, was signed by him or someone by his direction in his presence; and in the absence of such proof, the court must find that such paper is not the last will and testament of said deceased.”
The court thereupon entered judgment declaring that the paper was not the will of the deceased. From that judgment defendants appealed after an unsuccessful motion for new trial and the saving of proper exceptions to the rulings of which they complain.
The decision of the appeal turns on the sufficiency of the defendants’ testimony to sustain the affirmative of the issue touching the due execution of the document.
The evidence tended to show that the will was not signed by Thomas Stephens himself, but that his name was in the handwriting of Wm. G. Howard. The signature and attestation are as follows:
“Witness my hand and seal this twelfth day of March, A. D. 1888. his
“Thomas X Stephens.
“Attest: mark.
“William Gr. Howard,
“C. O. D. Carlos,
“J. A. J. Howard,
“J. T. Gray.”
The first of these attesting witnesses was proven to have died before the trial; the others were called as witnesses. All testified to having attested the document as the will of Mr. Stephens, in his presence. Their evidence also goes to establish his soundness of mind when the will was made.
On these points plaintiff now raises no question. The only present controversy is upon the issue whether or not the paper was duly signed by the testator.
*428 The latter declared to several of the witnesses that the paper was his will, on the occasion when he called them together at the office of the first named, Wm. GL Howard. The will and the name of the testator are in the handwriting of that witness. No one testified to seeing Mr. Stephens make his mark. One witness testified that it was his mark; and all agreed that he called them to witness that the paper was his will.
The statutes governing the subject are as follows:
Sec. 8870. “jEvery will shall be in writing, signed by the testator, or by some person, by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator.”
Sec. 6570. “* * *; sixth, the word‘will” shall include the words ‘testament’ and ‘codicil;’ seventh, the words ‘written’ and ‘in writing,’ and ‘writing word for word,’ shall include printing, lithographing or other mode of representing words and letters, but in all cases where the written signature of any person is required, the proper handwriting of such person, or his mark, shall be intended; * *
The document on its face declares that the cross (between the words “Thomas” and “Stephens”) is “his mark.” His act in presenting the paper in that condition to the witnesses, to be by them attested as his will, tended to show an adoption or recognition of that sign as his mark, which the law, above quoted, permitted him to use in lieu of other signature. Such a mark is, in legal effect, his signature to the document, within the meaning of the statute of wills (section 8870) as construed by the light of section 6570.
We think the defendants’ evidence had a fair tendency to prove a sufficient signing of the document under prior decisions, which relieve us of the necessity *429 of discussing the question as an original one. Cravens v. Faulconer (1859), 28 Mo. 19; Grimm v. Tittman (1892), 113 Mo. 56 (20 S. W. Rep. 664).
See, also, In re Guilfoyle (1892), 96 Cal. 598 (31 Pac. Rep. 553), with note in 22 L. R. A. 370.
The learned trial judge was in error in holding that there was an ‘‘absence of proof” that the paper writing was signed by the testator.
The judgment is reversed and the cause remanded.
Bkace, O. J., and Macfaklane and Robinson, JJ., concur.