MORTON et al., *Appellants*, v. HEIDORN et al.

Division One, November 11, 1896.

1. **Will**: CONTEST: BURDEN OF PROOF. In a statutory contest of a will, it is proper for the proponents of the paper to take the affirmative to show its due execution.

2. **Practice**: WILL, EXECUTION OF: EVIDENCE. The witnesses to a will are not the only persons competent to prove its due execution or the sanity of testator. Those facts may be proved by other witnesses.

3. ———: EVIDENCE: HARMLESS ERROR. Where certain testimony by a witness is excluded, but is afterward drawn out by the other party whereupon the excepting party fully cross-examines upon it, the first ruling constitutes no reversible error.

4. ———: EXPERT TESTIMONY, EXCLUSION OF: HARMLESS ERROR. Where it does not in any way appear that expert testimony excluded was material, the exclusion thereof is not prejudicial error.

5. ———: WRITTEN INSTRUMENT: PAROL EVIDENCE. The contents of a paper that is unaccounted for can not be shown by oral testimony.

6. ———: WILL: UNDUE INFLUENCE: BURDEN OF PROOF. On the issue of undue influence in obtaining a will the burden of proof is on the party alleging such influence.

7. ———: ———: INSTRUCTION. It is error to instruct a jury that upon proof of testator's sanity and of the due execution of a will, the latter "was and is presumed to be his free and voluntary act."

8. ———: INSTRUCTION: "PREPONDERANCE OF EVIDENCE." The phrase "preponderance of evidence" may sometimes be properly used in an instruction, but not with a context which seems to require the party having the burden of proof to overcome a declared presumption of law, which does not exist.

9. ———: ———: VERDICT: PREJUDICIAL ERROR. Error in an instruction, followed by a verdict adverse to the excepting party, must be held as having contributed to that result, unless the bearing it had can be discerned and is found to have been harmless. *"Error is presumptively prejudicial."*

10. ———: ———: PREJUDICIAL ERROR: STATUTE. An error in an instruction, which the court does not find harmless, is one "materially affecting the merits of the action" within the meaning of section 2303 (R. S. 1889).

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*R. H. Stevens* and *D. C. Taylor* for appellants.

(1) The court erred in permitting the paper propounded by defendants as the last will of Frederick W. Utz, deceased, to be read to the jury over plaintiffs'

objection and for refusing to give plaintiffs' instructions asked at the close of defendants' proof of will because the defendants failed to establish the proper attestation of said will of said Frederick W. Utz, by the attesting witnesses thereto. *Miltenberger v. Miltenberger*, 8 Mo. App. 306; *Miltenberger v. Miltenberger*, 78 Mo. 27; *Withington v. Withington*, 7 Mo. 589; *Cravens v. Falconer*, 28 Mo. 22; *Wilde v. Sweeney*, 85 Ill. 50; *Lamb v. Helm*, 56 Mo. 432; *Harris v. Hays*, 53 Mo. 90; *Duffie v. Corridon*, 40 Ga. 122; *Brooks v. Woodson*, 87 Ga. 379. (2) The court erred in sustaining defendants' objection to the testimony of William Benson. *Rule v. Maupin*, 84 Mo. 587; *Bush v. Bush*, 87 Mo. 480. (3) The court erred in striking out answers of Mrs. Mattie Heidorn to questions propounded by plaintiffs to her (see abstract of record, page 29), and sustaining objections made by defendants to other questions propounded to Mrs. Mattie Heidorn. R. S. 1889, sec. 8918. (4) The court erred in sustaining defendants' objections to questions propounded by plaintiffs on cross-examination to Dr. William Porter. Of course the sustaining of the objection by the court to the question in the case of Dr. Porter made it useless to incumber the record by asking the same question of other experts placed upon the stand by the defendants. *State v. Meyers*, 99 Mo. 107. (5) The court erred in giving instruction number 7 asked by defendants. *Bush v. Bush*, 87 Mo. 480; *Sunderland v. Hood*, 13 Mo. App. 232; *McFadin v. Catron*, 120 Mo. 252; *In re Wheeler's Will*, 25 N. Y. Supp. 313. (6) The court erred in giving the eighth instruction asked by defendants. *Beankamp v. Higgins*, 20 Mo. App. 514; *Raysdon v. Trumbo*, 52 Mo. 35; *Budd v. Hoffheimer*, 52 Mo. 297. (7) The court erred in giving instruction number 9 asked by defendants. *Clark v. Kitchen*, 52 Mo. 316. (8) The court erred in giving

instruction number 10 asked by defendants. *Bank v. Westlake,* 21 Mo. App. 565; *Mansur v. Botts,* 80 Mo. 657; *Sheedy v. Streeter,* 70 Mo. 679; *Zwisler v. Storts,* 30 Mo. App. 164. (9) The court erred in refusing to give instruction number 5, as to mental capacity, asked by plaintiffs; and in refusing to give instructions numbers 7, 11, and 12 asked by plaintiffs. *Elliott v. Welby,* 13 Mo. App. 19; *Harvey v. Sullens,* 46 Mo. 147.

*Wm. F. Broadhead* and *John W. McElhinney* for respondents.

(1) The court did not err in refusing to give plaintiffs' instruction in the nature of a demurrer to the evidence, and in permitting the will to be read in evidence. *Grimm v. Tittman,* 113 Mo. 56; *Cravens v. Faulconer,* 28 Mo. 19; *Odenwalder v. Schorr,* 8 Mo. App. 458. It is not necessary that the formal proof of the execution of the will and of the soundness of mind of the testator should be made out by all of the subscribing witnesses upon this trial to contest its validity. *Graham v. Mullanphy,* 4 Mo. 601; *Mays v. Mays,* 114 Mo. 536; *Odenwalder v. Schorr,* 8 Mo. App. 458; *Holmes v. Holloman,* 12 Mo. 535; *Jauncey v. Thorne,* Redfield, Am. Cases on Wills, p. 655. (2) The court did not err in sustaining the defendants' objection to the questions propounded to Wm. Benson as to the declarations of the testator as to what he intended to do with his property. Such declarations are not competent to show what he intended to do with his property, and they were asked solely for that purpose, as the questions on their face show. They can not be shown as proof of the facts declared. *Bush v. Bush,* 87 Mo. 480; *Gibson v. Gibson,* 24 Mo. 227; *Rule v. Maupin,* 84 Mo. 587. (3) The court did not err in excluding testimony of Mrs. Heidorn to the effect that

she made her will about twelve months after the death of Mr. Utz, her former husband, and therein gave all her property to Dr. Heidorn. R. S. 1889, sec. 8873. (4) As to the fourth assignment of errors, the court committed no error in excluding the question propounded to Dr. Porter, as therein stated. The original question embraced elements not in evidence, was modified upon the suggestion of the court, and in its modified form was accepted and propounded by defendants' counsel. (5) The court did not err in giving instruction number 7 for defendants. *Rankin v. Rankin*, 61 Mo. 295; *Jackson v. Hardin*, ·83 Mo. 175; *Myers v. Hauger*, 98 Mo. 433; *Thompson v. Ish*, 99 Mo. 160; *Mays v. Mays*, 114 Mo. 540; *Carl v. Gabel*, 120 Mo. 283. (6) The court did not err in giving the eighth instruction in behalf of defendants. There was abundant evidence to support it. (7) The court did not commit error in giving the ninth instruction for defendants, requiring the charge of undue influence to be proved to the satisfaction of the jury by a preponderance of the evidence. *Berry v. Wilson*, 64 Mo. 164; *Steinwender v. Creath*, 44 Mo. App. 356; *Anchor Milling Co. v. Walsh*, 37 Mo. App. 567; *Procter v. Loomis*, 35 Mo. App. 482; *Miller v. Woolman & Co.*, 26 Mo. App. 57. (8) The court did not err in giving instruction number 10 for defendants. *Myers v. Hauger*, 98 Mo. 433; *Doherty v. Railroad*, 97 Mo. 647. *First.* In the cases cited by appellants, the vice consisted in the facts that the instructions held improper, were either not based on the facts in evidence, or on facts not in evidence, or undertook to cover the whole case, without being based on the whole facts, and specifically directed a finding in favor of the party presenting them, and these cases are not applicable. *Second.* The whole case, and all of the questions involved are fully covered by the other instructions in the cause, and taken to-

gether present the case fairly, which is sufficient. *Karle v. Railroad*, 55 Mo. 476; *Whalen v. Railroad*, 60 Mo. 323; *McKeon v. Railroad*, 43 Mo. 405; *Muehlhausen v. Railroad*, 91 Mo. 332. (9) The court did not err in refusing to give instructions numbers 5, 7, 11, and 12 for plaintiffs. *Couch v. Gentry*, 113 Mo. 248; *Mays v. Mays*, 114 Mo. 540; *Rankin v. Rankin*, 61 Mo. 295; *Thompson v. Ish*, 99 Mo. 160.

BARCLAY, J.—The case is a statutory contest of the validity of the will of Frederick W. Utz. He died in March, 1889, leaving a mother and some sisters, who are the principal plaintiffs, joined by some formal parties, such as husbands and administrators. The will in dispute was drawn in favor of Mrs. Utz, as residuary legatee and devisee. It also contains legacies of $1 each to three of the testator's sisters. It was executed a few days before his death, and attested in due form (subject to the qualification to be mentioned further on). The chief defendant is the widow of Mr. Utz, who became Mrs. Heidorn by a marriage to Dr. Heidorn sometime after the testator's death. Her present husband and the executor of the will are named as co-defendants.

The grounds upon which the will is attacked are the alleged mental incapacity of the testator, and undue influence on the part of his wife in procuring it to be made.

The defendants, as proponents of the will, took the affirmative to show its due execution, as was proper in such a case.

The evidence is voluminous; but it would serve no useful purpose to set it forth at any great length, or to recite the pleadings. The points of law to be decided can be readily understood by a very short statement of such parts of the evidence as bear upon them. The

result of a trial by jury on the circuit was a judgment establishing the will, from which plaintiffs appealed, after the usual motion and exceptions.

It will be convenient to state the necessary facts in connection with the rulings thereon.

1.    The first error assigned is in reference to the formal execution of the will.    The claim of plaintiffs is that one of the attesting witnesses did not (in his testimony before the circuit court) furnish the requisite proof of the testator's sound and disposing mind and of the formal attestation of the instrument by the witnesses.    For the moment we assume that claim to be correct in point of fact.    But there is ample testimony by other witnesses, introduced by the proponents, tending to prove both of those facts.    Plaintiffs, however, insist that such proof must come from the attesting witnesses.    That contention has been discussed before, and found untenable.    It is not necessary to again go over the grounds of that ruling. *Holmes v. Holloman* (1849) 12 Mo. 535; *Mays v. Mays* (1893) 114 Mo. 536 (21 S. W. Rep. 921).

2.    It is next urged that the court erred in excluding testimony of testator's declarations of intention in regard to the distribution of his property.    It is true that answers by one witness to questions by plaintiffs on that point were excluded.    But, at a later stage of the case, the same witness was asked similar questions by defendants and gave the desired information, after which he was fully cross-examined by plaintiffs on the same topic.    Whatever error (if any) there was in the first ruling was cured by the facts just mentioned, leaving no substantial ground for complaint here.

3.    Plaintiffs then object to a ruling excluding a question propounded to Dr. WILLIAM PORTER, an eminent expert in diseases of the chest.    The testator had died of pneumonia, and the point of the question

to the expert was to show that testator was not of sound mind, because of that illness. The question (after reciting a variety of symptoms) closed thus: "What would you say of his mental condition?" Then came the objection, on the ground that the proper foundation for the question had not been laid. The court sustained it, and an exception was noted. But no offer was made to show, nor does it in any manner appear, that the answer would have tended to support plaintiffs' case, or theory on the point to which the question was aimèd. The witness' knowledge may have been adverse to plaintiffs' contention for aught that appears. The court can not assume that it would have been favorable to it. *Aull Sav. Bank v. Aull* (1883) 80 Mo. 199; *Kraxberger v. Roiter* (1886) 91 Mo. 404 (3 S. W. Rep. 872); *State v. Martin* (1894) 124 Mo. 514 (28 S. W. Rep. 12). Furthermore, the plaintiffs' counsel, on a suggestion from the court, at once modified the question in certain particulars, and obtained an answer, the substance of which was that the conditions represented did "not necessarily imply an incapacity of the patient to understand and act intelligently when aroused."

We can not see that plaintiffs were prejudiced by the ruling on the first question, in view of the law declared in the cases last above cited.

4. Plaintiffs sought to show by cross-examination of Mrs. Heidorn the contents of a will she is alleged to have made in favor of her present husband about a year after the death of Mr. Utz and before her marriage to Dr. Heidorn; but the court (on objection) excluded that showing.

The document whose contents were sought to be thus proven was not accounted for. The testimony demanded was incompetent for that reason, if for no other, as being secondary in character.

5. Several of the instructions are objected to, but the points of criticism can be readily cured upon a new trial which we consider necessary by reason of the giving of the following instruction at the instance of the successful parties, proponents of the will, viz:

"9. The court instructs the jury that if you find from the evidence and under the other instructions, that Frederick W. Utz duly signed, published and declared the instrument of writing in question, as his will, and that the same was duly attested by witnesses, and that at the time thereof he was of sound mind (as defined and explained by the other instructions), then said instrument of writing was and is presumed to be his free and voluntary act, and you can not in such case, find against said will on the ground of undue influence, unless the charge of undue influence has been proven to your satisfaction by a preponderance of the evidence."

It is objected that the court should not have so stated the rule in regard to the burden of proof.

We think this criticism is just, and that it is fatal to the judgment. The mere use of the words "preponderance of evidence" we do not hold to be necessarily erroneous. That is a phrase of popular, as well as technical, meaning, and may sometimes be employed in an instruction in such a way as permits no fair doubt as to its true import. *Berry v. Wilson* (1876) 64 Mo. 164. But the context in which it appears should always be considered. In the case in hand, the jury is required to find the charge of undue influence "proven" to their "satisfaction" by a "preponderance of the evidence," having just been told that, upon proof of due execution and attestation of the document and of the soundness of testator's mind, "said instrument of writing was and is presumed to be his free and voluntary act." In the connection in

which the words appear, we apprehend the jury would naturally infer that the "preponderance of evidence" must be such as to overcome the presumption which the court declared to exist as a matter of law. That declaration is not entirely correct. When the cause was submitted to the jury, there was no presumption of the law that the document was testator's "free and voluntary act." There was evidence before them which all the parties and the court alike interpreted as tending to prove undue influence. Both adversary parties asked and obtained instructions on that theory. In that state of the case it was not proper to give proponents of the will the benefit of a so-called presumption which is merely one of fact, applied in the absence of any evidence permitting a different inference.

We have so often of late gone over the ground presented by the giving of such instructions, in declaring the law of negligence, that we need not repeat the arguments used to indicate the vice of such declarations to a jury. We merely cite some of the decisions on that point, and add that we consider such a mode of instruction equally as bad when applied to the subject of undue influence as to that of negligence. *Ham v. Barret* (1859) 28 Mo. 388; *Myers v. Kansas City* (1892) 108 Mo. 480 (18 S. W. Rep. 914); *Bluedorn v. Railroad* (1894) 121 Mo. 258 (25 S. W. Rep. 943); *Schepers v. Railroad* (1895) 126 Mo. 665 (29 S. W. Rep. 712); *Payne v. Railroad* (1895) 129 Mo. 405 (31 S. W. Rep. 885).

We do not feel at liberty to declare harmless the error we have above indicated. Where an error in an instruction to a jury occurs at a trial, and it is followed by a result prejudicial to the excepting party (as, for instance in this case, by an adverse verdict) a reviewing court can not properly consider the error otherwise

than as a cause contributing to that result, unless the exact bearing it has had thereon can be discerned, and is found to have been harmless to the rights of the complaining party. This is all that is meant by the declaration that has occasionally been made to the effect that "error is presumptively prejudicial." *State v. Taylor* (1893) 118 Mo. 161 (24 S. W. Rep. 451); *Boston, etc., Railroad Co. v. O'Reilly* (1895) 158 U. S. 334 (15 Sup. Ct. Rep. 830). The Missouri statute (section 2303) does not weaken the force of that declaration, for such an error as has been described should be, and is, regarded by this court as one "materially affecting the merits of the action," as mentioned in that section.

7. It may be well to remark that the instruction was not faulty in so far as it declared that the burden of proving undue influence was upon defendants who alleged it. *Gay v. Gillilan* (1887) 92 Mo. 250 (5 S. W. Rep. 7).

It follows that the judgment should be reversed and the cause remanded. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.