BERRYHILL et al. v. BERRYHILL.
(No. 65.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 15, 1917. Rehearing Denied March 7, 1917.)

1. TRIAL ⟨Key⟩139(1)—DIRECTION OF VERDICT—GROUNDS.
A verdict should not be directed unless there is no room for ordinary minds to differ as to the conclusion to be drawn from evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341.]

2. WILLS ⟨Key⟩327 — CONTEST — DIRECTION OF VERDICT—SUFFICIENCY OF EVIDENCE.
Where all evidence showed that a will was properly executed and witnessed 13 years before testator's death, although not dated, and that he had provided for omitted children by previous deeds, held sufficient to justify direction of verdict for proponent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 773.]

3. WILLS ⟨Key⟩304 — CONTEST — TESTIMONY OF SUBSCRIBING WITNESSES—DATE OF EXECUTION.
In view of Rev. St. art. 3267, providing that, where subscribing witnesses are dead, a will may be probated by proof of two witnesses of the subscribing witnesses' handwriting, it was immaterial that a subscribing witness could not remember the exact circumstances and date, although identifying his own and testator's signatures.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 724–728.]

4. WILLS ⟨Key⟩293(6)—CONTEST—ADMISSIBILITY OF EVIDENCE — TESTATOR'S DECLARATIONS AFTER MAKING WILL.
Where contestants claimed a will was not the act of the testator, who could not write or read, and that the will was not read to him, but was drawn by a careless lawyer addicted to the use of morphine, evidence that testator submitted the will to another lawyer for his opinion, and was advised of its validity and effect, was properly admitted.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 676–678.]

Appeal from District Court, Liberty County.

Action to contest will of Miles F. Berryhill by C. W. Berryhill and others against Ida

Berryhill, proponent. Judgment for proponent, and contestants appeal. Affirmed.

Stevens & Stevens, of Houston, for appellants. E. B. Pickett, Jr., of Liberty, for appellee.

BROOKE, J. This is an action to contest the will of Miles F. Berryhill, deceased, the proceedings having been properly instituted in the county court of Liberty county, Tex., and taken from thence on appeal to the district court of said county. C. W. Berryhill and the other children of said Miles F. Berryhill, deceased, contested his will upon the following grounds: (1) Because the will which was offered for probate by his widow, Ida Berryhill, was not the will of the said Miles F. Berryhill, deceased; (2) because at the time of its purported execution the same was not witnessed by two witnesses as required by law; (3) because the alleged testator could not read and write, and the said will was not read to him; (4) because the said Miles F. Berryhill, for more than a year prior to his death, was not of sound mind and did not have testamentary capacity nor mental capacity sufficient to republish any will which might have been defectively executed.

The will was probated in the county court, as above stated, and from the order probating the same the contestants appealed to the district court, where a trial was had before a jury. The court, however, took the case away from the jury, and directed them to return a verdict in favor of the proponent of the will, which was accordingly done, and a judgment was entered in the district court admitting the will to probate. The contestants appealed from this action of the district court.

Miles Berryhill, the testator, died on January 16, 1914, and his will, which is being contested, is witnessed by J. A. Jett and J. L. Ellis. It is not dated, but Mrs. Ida Berryhill, his widow, testified that he gave her this will to put away about four or five months after their marriage, in October, 1901. The contestants C. W. Berryhill, Will Berryhill, Ellen Partlow, and Elizabeth Key are children of the testator by his first marriage, and the contestants Viola, Sanders, Miles, and Will Phillips are his grandchildren, being the children of a deceased daughter by his first marriage. Testator's first wife died about 1891 or 1892, and the proponent, Mrs. Ida Berryhill, was his second wife, and in the will she is named as sole devisee and appointed executrix without bond, and the will closes with this statement:

"I desire to state that my children, to wit, William Berryhill, Ellen Partlow, Jerusha Phillips, Charlie Berryhill, and Bottie Key, have received their full share of my estate coming to them in my lifetime; hence they are not made parties to my will of my remaining property."

At the time of his death testator was 78 years of age. He could not read or write, and the will is signed by his mark.

Appellants' first assignment assails the action of the court for the following reasons:

(a) Because the court erred in instructing the jury to return a verdict for Ida Berryhill for the alleged will.

(b) The evidence on the part of the proponent having shown that one of the witnesses, to wit, J. L. Ellis, whose name is subscribed to the instrument, offered for probate would have known and would have remembered if he had signed the will in the presence of the alleged testator, M. Berryhill, deceased, and the evidence having further shown that the attorney who wrote the will was a man addicted to the use of morphine and was a careless man, and the evidence having further shown that shortly before the death of M. Berryhill the said Berryhill exhibited the paper, which was offered for probate, to C. H. Cain, with the statement that Judge Swilley had informed him it was no good, and there being no evidence to show that J. A. Jett and J. L. Ellis signed the instrument, which was offered for probate in the presence of the alleged testator, hence the court erred in instructing the jury to return a verdict in favor of Ida Berryhill, proponent.

(c) In passing upon a motion for a directed verdict, the court cannot weigh the evidence, but is bound to concede to be true all evidence which supports the view of the party against whom the motion is made, and must give such party the benefit of all legitimate inferences which are to be drawn therefrom in his favor; hence the court in directing a verdict in favor of Ida Berryhill, the proponent of the alleged will, took away from the jury the right to pass upon the fact as to whether or not J. L. Ellis and the other purported witness, J. A. Jett, signed the alleged will in the presence of the alleged testator, there being evidence to support the contention of the contestants that the witness J. L. Ellis at least did not sign the said instrument in the presence of M. Berryhill, the deceased, the said Ellis having testified that, if the said M. Berryhill had been present when he signed his name as a witness to the instrument, he believed he would have remembered the fact of his presence.

[1] Appellants present the following proposition under this assignment: A verdict should not be directed unless there is no room for ordinary minds to differ as to the conclusion to be drawn therefrom.

[2, 3] We believe the proposition announces a correct legal principle, but we are unable to see from the testimony any evidence that would have a tendency to leave room for ordinary minds to differ as to the conclusion to be drawn from the testimony in this case. It is entirely unnecessary for us to rehash the testimony. The statutes of this state provide that, if none of the witnesses to the will are living, it may be probated on proof by two witnesses of the handwriting of the sub-

scribing witnesses thereto, and also the testator, if he was able to write, and the testimony shows that J. A. Jett was deceased, and that J. L. Ellis was without recollection of having signed the will as a witness, and did not recall anything of the transaction, but he (Ellis) admitted that his signature to the will was genuine, and also his handwriting, and the signature of J. A. Jett, the other witness, was proved by two other witnesses, and Ellis also identified Jett's signature as genuine. The fact that a man did not remember distinctly—in fact, did not remember anything—about the particular transaction does not leave any room for conjecture, and we are of opinion that, as provided by the statute, the testimony shows that the will was executed as required by law.

The exact language used by Ellis was as follows, after testifying that he knew Mr. Miles Berryhill intimately:

"My relations with him were friendly. I was familiar with the signature of Mr. John Jett; had occasion to handle his writing frequently; in his official capacity as county treasurer I had occasion to see and notice his signature very often. From my knowledge of his handwriting and his signature I would say that the signature on this instrument of J. A. Jett is his genuine signature. I am positive that that is my signature on that paper, but I do not recall when I signed it, nor do I recall when he signed it. I have no hesitancy in giving it as my opinion that J. A. Jett signed that paper; that is his signature."

The evidence further shows that the deceased, Miles Berryhill, within a very short time after his second marriage, gave the instrument that was probated as his will to his wife, Mrs. Ida Berryhill, and that she kept it, and had it in her possession until a short while before the death of Miles Berryhill, and it is shown that just a short while before his death Miles Berryhill got that same will from the custody of his wife, and presented it to Mr. Cain, an attorney, and stated to Cain that he wanted to leave everything he possessed at his death to his wife, and had a conversation with Cain, in which conversation Cain told him that, if that was his desire, the will had carried out his intention in that respect, and that the will was all right if that was what he wanted to do. The will was as follows:

"In the Name of God, Amen:

"I, Miles Berryhill, of the county of Liberty and state of Texas, recognizing the certainty to death and uncertainty of life, and being desirous of settling and disposing of my affairs, while I am of sound and disposing mind, do hereby make, publish and establish this my last will and testament, hereby revoking, annulling and setting aside any and all other wills that may have been made by me.

"It is my will and desire that I do hereby grant, give and bequeath to my well beloved wife, Ida Berryhill, all my property of whatsoever nature and character real and personal in fee to dispose of as she may deem best and proper.

"I hereby grant, give and bequeath to my said wife, Ida Berryhill, the following described real estate owned by me lying in Liberty county, Texas, and known and described as follows:

122½ acres of the Samuel Stranghn headright, and known as my homestead to come off of the eastern portion of said tract owned by me, also 22½ acres on said tract bought by me from William Berryhill.

"And also the following described personal property, which I also give and bequeath to my said wife, Ida Berryhill, all my entire stock of cattle marked crop and upper bit in one ear and branded A some may be branded A and all my entire stock of cattle branded and unbranded. Also my entire stock of hogs running on the range or otherwise marked crop and upper bit in the right ear, or that may not be marked, owned by me.

"Also my entire household and kitchen furniture of whatsoever nature and character owned by me.

"Also I give and bequeath to my well-beloved wife all moneys that I may have on hand at my death and all accounts and debts due me of whatsoever nature and character.

"It is my will and desire that the probate or county court of Liberty county, Texas, take no action in my estate except to probate my will as provided by law and for an inventory to be filed of my estate by my executrix. I hereby appoint my well-beloved wife, Ida Berryhill, as the executrix of my estate without bond. I desire to state that my children, to wit, William Berryhill, Ellen Partlow, Jerusha Phillips, Charley Berryhill, and Bettie Key, have received their full share of my estate coming to them in my lifetime; hence they are not made parties to my will of my remaining property.

                            his
"Miles X Berryhill.
                            mark
"Signed in the presence of
   "J. A. Jett.
   "J. L. Ellis."

It was also shown by the following deeds that said Miles Berryhill had conveyed community land, or a part thereof, to his children under his first marriage, to wit:

### "Partition Deed.

"State of Texas, County of Liberty.

"Know all men by these presents that we, Jerusha Phillips, joined by her husband, J. O. Phillips, Wm. Berryhill, joined by his wife, Mrs. Mary Berryhill, Ellen Partlow, joined by her husband, Joseph Partlow, C. W. Berryhill, joined by his wife, Emma Berryhill, and S. C. Key, joined by his wife, Betty Key, all of the county of Liberty and state of Texas, for and in consideration of one hundred and seventeen and half acres of land valued at five hundred and eighty-seven dollars and half dollar, being our share in the community of Miles Berryhill and our deceased mother, Caroline Berryhill, the receipt of which is hereby acknowledged, have granted, bargained and sold, and do hereby grant, bargain, sell, alien, convey and confirm unto the said Miles Berryhill, of the aforesaid state and county, all that certain tract or parcel of land lying and being situated about 7 miles N. 10 deg. E. of the town of Liberty, being the north half of the Miles Berryhill and Caroline Berryhill, deceased, homestead survey, containing one hundred and seventeen and one-half acres of land, and being a part of the Samuel Strong survey, and being more particularly described by following metes and bounds, to wit: [Then follow field notes.] To have and to hold all and singular the above-described and conveyed premises and property, all and singular the rights, privileges, hereditaments and appurtenances thereunto belonging or in any wise appertaining unto the said Miles Berryhill, his heirs and assigns forever, and we do hereby bind ourselves, our heirs and executors and administrators to warrant and forever defend all and singular the said premises unto the said

Miles Berryhill, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof. Witness our hands at Liberty this the 4th day of November, A. D. 1899. Interlined between the 16 and 17th lines before signing.

"Jerusha Phillips. J. O. Phillips.
"Wm. Berryhill. Mary Berryhill.
"Ellen Partlow. J. H. Partlow.
"C. W. Berryhill. Emma Berryhill.
"S. C. Key. M. E. Key."

This instrument was duly acknowledged by each of the parties thereto on the 4th day of November, A. D. 1899, before J. N. Dark, notary public in and for Liberty county, and was filed for record December 2, 1899, and recorded on January 13, 1900, in Book W, page 70, Deed Records, Liberty County, Tex.

Deed from Miles Berryhill to Jerusha Phillips et al. being the same children that gave him the deed above quoted, as follows:

"State of Texas, County of Liberty.

"Know all men by these presents that I. Miles Berryhill, of the county and state aforesaid, in consideration of one hundred and seventeen and one-half acres of land valued at five hundred and eighty seven dollars and one-half dollars, being one-half of the community property owned by Miles Berryhill and his deceased wife, Caroline Berryhill, the receipt of all of which is hereby acknowledged, have granted, bargained and sold, and do hereby grant, bargain, sell, alien, convey and confirm unto the said legal heirs of my deceased wife, Jerusha Phillips, Wm. Berryhill, Ellen Partlow, C. W. Berryhill and M. E. Key, of the aforesaid state and county, all that certain tract or parcel of land lying and being situated in the county of Liberty and state of Texas, about 7 miles 1 deg. E. of the town of Liberty, being the south half of my homestead survey, containing one hundred and seventeen and one-half acres of land and being a part of the Samuel String survey, and being more particularly described by the following metes and bounds, to wit: [Then follow field notes.] To have and to hold all and singular the above described and conveyed premises and property with all the rights, privileges, hereditaments, and appurtenances thereunto belonging in any wise appertaining unto the said Jerusha Phillips, Wm. Berryhill, Ellen Partlow, C. W. Berryhill, and M. E. Key, their assigns forever, and I do hereby bind myself, my heirs and executors and administrators, to warrant and forever defend all and singular the said premises unto the said Jerusha Phillips, Wm. Berryhill, Ellen Partlow, C. W. Berryhill, and M. E. Key, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand at Liberty this 4th day of November. A. D. 1899.

"Interlining between 10th and 11 lines executor fee for signing.

his<br>"Miles X Berryhill.<br>mark

"Witness:
"J. N. Dark."

This deed was duly acknowledged before J. N. Dark, notary public in and for Liberty county, Tex., and filed for record May 1, 1901, and recorded in volume X, page 452, of the Deed Records of Liberty County, Tex.

The assignment is without merit, and is overruled.

[4] The action of the court is next challenged as error in permitting the witness C. H. Cain to testify, over the objection of contestants, that some months prior to the death of Miles Berryhill the said Berryhill came to his office with the instrument which is offered for probate, and informed the said Cain that he wanted him to draw a will, and that one Judge Swilley had told him that the instrument offered for probate was not any good, and informed the said C. H. Cain that he wanted to give all his property to the said Ida Berryhill, and wanted said Cain to draw a will to that effect, whereupon Cain advised him, after reading over said instrument offered for probate, that the said will was all right, and gave the property to his wife, Ida Berryhill; the objection to the same being that it was hearsay, irrelevant, immaterial, and could not form any basis of the fact to prove the execution of the will which was offered for probate.

The proposition under the foregoing assignment is that the declarations of a testator before and after the making of a will are inadmissible on the issue of its execution.

The counter proposition is that in the contest filed to oppose the probate of this will appellants charge that the will offered for probate is not the will of Miles Berryhill, the testator, that the witnesses thereto "did not sign the same in the presence of the said M. Berryhill and in the presence of each other," that "the same was not witnessed by two witnesses as required by law," and "because the said M. Berryhill could not read and write, and the said will was not read to him"; and in questioning witnesses who were called for proponent appellants proved that the attorney, Chapman, who drew this will, at one time was addicted to the use of opiates, thus attempting by such testimony to cast the imputation that the will offered for probate was the production or act of said Chapman, and not the last will and testament of Miles Berryhill. Therefore, that being the nature of the attack upon the will, it was competent to repel such charges by declarations made by the testator after the execution of the will showing that he was familiar with its contents and of necessity that the will had been read or explained to him, and that it had been drawn and executed in accordance with his testamentary desires, and furthermore, under such circumstances, his declaration could be considered as a circumstance bearing upon the due execution of the will. We believe the testimony was admissible, and therefore the assignment is overruled.

Authorities on the duty of the court to direct a verdict: Joske v. Irvine, 91 Tex. 581, 44 S. W. 1059; Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S. W. 1039, 44 L. R. A. 279; Parish v. Mutual, etc., Ins. Co., 49 S. W. 156; Seery v. Railway Co., 34 Tex. Civ. App. 89, 77 S. W. 952; Rickards v. Bemis, 78 S. W. 243. On proof of will being sufficient see articles 3267, 3271, and 7857, R. S. 1911; Hopf v. State, 72 Tex. 281, 10 S. W. 589; Elwell v. U. G. Convention, 76 Tex. 514, 13 S. W. 552; Craig v. Craig, 156 Mo.

358, 56 S. W. 1097; Stephens v. Stephens, 129 Mo. 422, 31 S. W. 792, 50 Am. St. Rep. 454; Mays v. Mays, 114 Mo. 536, 21 S. W. 921. Also the following authorities: Tynan v. Paschal, 27 Tex. 300, 84 Am. Dec. 619; Buchanan v. Rollings, 122 S. W. 962; Id., 112 S. W. 785; McElroy v. Phink, 97 Tex. 157, 76 S. W. 753, 77 S. W. 1025; Johnson v. Brown, 51 Tex. 66; Maxwell v. Hill, 89 Tenn. 584, 15 S. W. 253.

The testimony of Mr. Ellis goes to show, and in fact he testified:

"I can't say that I ever saw this instrument (meaning the will) at the time I testified in the county court, but I must have seen it, because I could not have signed it if I hadn't seen it."

Testimony just as cogent and facts just as strong may be shown by circumstances, and but one conclusion can be arrived at from the facts and from the circumstances in this case, and that is that Ellis and Jett signed that will, and witnessed it in the presence of the testator, and the same was read over by some one of them to the testator, and no other conclusion could be reached from the undisputed facts in this case than that the will was entitled to probate. We do not think there was any error in the action of the lower court, and, not finding any merit in the above assignment, it is overruled, and the judgment of the lower court is in all things affirmed.