**ALLEN et al. v. MASSEY et al. (No. 8579.)***

(Court of Civil Appeals of Texas. Dallas. Oct. 22, 1921. Rehearing Denied Jan. 7, 1922.)

**1. Wills ⊝==303(3)—Proof of proper execution of will held sufficient.**

Where one of the witnesses to a will was dead when it was presented for probate, but his signature was identified by others, and all memory of the transaction had departed from the mind of the other witness, but he identified his signature, and the attorney who drew the will was unable to state whether it was signed by the witnesses in the presence of the testator, but testified positively that testator brought the living witness into his office on the occasion of his witnessing the will, the execution thereof was sufficiently proved, though the requirements of Rev. St. 1911, arts. 3267 and 3271, were not met; proof of facts and circumstances from which the jury may reasonably conclude that the will was witnessed as required being sufficient when exact compliance with the statute is impossible.

**2. Wills ⊝==297(1)—Testator's statements inadmissible in will contest based solely on lack of proper execution.**

Where the objection to probating a will was based exclusively on the contention that it had not been properly executed, the court properly excluded testimony as to conversations with testator before and after its execution.

*On Motion for Rehearing.*

**3. Appeal and error ⊝==1175(5)—Judgment rendered on reversal where conceded by both parties that proof was exhausted.**

Where it was asserted by appellant and conceded by appellees on motions for rehearing that the proof as to whether a will was properly executed was exhausted, and that no different proof could be developed in another trial, appellees' motion for rehearing will be overruled, and judgment below reversed and rendered for appellant, though, appellees having introduced no evidence on the trial below, but relied on the insufficiency of appellant's proof and obtained a peremptory instruction, the record did not indicate that the proof had been exhausted.

Appeal from District Court, Van Zandt County; Jorl R. Bond, Judge.

Application by John Allen and others for the probate of the will of W. J. Allen, contested by R. R. Massey and others. Judgment for contestants, and proponents appeal. Reversed and rendered.

For opinion on former appeal, see 222 S. W. 682.

Wynne, Wynne & Gilmore, of Wills Point, Stanford & Sanders, of Canton, and Crane & Crane, of Dallas, for appellants.

Muse & Muse, of Dallas, and Simpson, Lassiter & Gentry, of Tyler, for appellees.

HAMILTON, J. W. J. Allen died in Van Zandt county on the 24th day of June, 1917, and thereafter appellants made application to the county court of that county for the probate of an instrument as his last will and testament. The application for the probate of this instrument was contested by the appellees in this case. It was admitted to probate as W. J. Allen's valid will, and from the county court decree probating it the ap-

⊝==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 15, 1922.

pellees appealed to the district court of Van Zandt county. There the case was tried before the court and a jury, and the trial resulted in a verdict for the appellants in this appeal. An appeal from the judgment based upon that verdict was prosecuted to this court, and the case was here reversed and remanded. See Massey et al. v. Allen et al., 222 S. W. 682. The case was tried again in the District Court of Van Zandt county, and resulted in a peremptory instruction to a jury to find for the appellees in this case, who are the contestants. From the judgment entered upon the verdict of the jury returned in compliance with such directed verdict, the appellants, who were the proponents of the will, have now brought the case to this court on appeal.

The case is presented to us upon propositions in support of two assignments of error. These assignments of error are substantially to the effect that the trial court erred in refusing to permit the will to be introduced in evidence, and in directing the jury to return a verdict for the appellees.

The only ground of contest interposed by the appellees was that the instrument offered for probate was not executed in the manner required by law to constitute a valid will which could be admitted to probate, for the reason that it was not signed by the subscribing witnesses in the presence of the testator, as required by law, so as to entitle appellants to have it probated. No evidence was introduced by appellees upon the trial, and at the conclusion of the evidence offered in behalf of appellants the jury was peremptorily instructed to return a verdict for appellees, as above stated.

The evidence conclusively establishes the following facts: That W. J. Allen was a man about 70 or 75 years of age at the time the instrument was executed; that he could neither read nor write; that he went to the office of T. J. McKain in Wills Point, Tex., for the purpose of having McKain write his will; that he dictated the will to McKain; that McKain wrote it at the dictation of Allen; that when it was written out McKain read it over to Allen, and then at Allen's request signed the latter's name to it, and Allen made his mark; that he told Allen it was necessary to have two witnesses sign the will; that Allen went out to get the witnesses; that N. A. Matthews and R. F. Williams signed the will as witnesses; that McKain placed it in an envelope, sealed it, and delivered it to Allen; that soon after Allen's death, about 10 years later, the instrument was found in the sealed envelope with other papers belonging to Allen and in his possession at the time of his death. N. A. Matthews was dead at the time application to probate the will was made. The genuineness of his signature was proved by numerous witnesses. Several witnesses testified that the will was in McKain's handwriting. R.

F. Williams identified his own signature as a subscribing witness to the will. The signature was also identified by several other witnesses, but he had no distinct recollection of the act of attesting the will as a witness. He could marshal but a vague mental impression as to what occurred in connection with his act of witnessing the will. It seems he could not be positive as to where he signed the will, nor as to whether Allen was present when he signed it. He was under the impression that he signed the will in McKain's office at Allen's request. Being without any definite memory as to the act of signing the will, he could neither affirm nor deny that Allen was present when he signed it, nor that any other person was present. As to this feature his memory had completely lapsed. McKain testified that, as he recollected the transaction, Allen went out and brought Mr. Williams into his office at the time the latter witnessed the will. Beyond this he could say nothing as to whether or not Allen was actually present when Williams witnessed the will. He remembered even less as to whether or not Matthews was brought to his office by Allen to sign the will. As to that, he stated that he could not be positive, and could not say whether Allen was present or not when Matthews witnessed the will. He testified positively that he did remember that Allen brought Williams into his office on the occasion of Williams witnessing the will.

[1] The proof being to the extent and of the character reflected in the foregoing statement, appellant propounds the proposition that the law under such circumstances will supply whatever defect or lack of positiveness may be reflected by it, by presuming that the requisites of the statute with reference to the execution of the will were complied with. In opposition to this contention, appellees insist that the statutory requirement as to how a will shall be proved as provided by article 3267, Revised Civil Statutes, and as to what facts must be proved as provided by article 3271, have not been met in the proof as it stands, and that, because Williams is unable to testify positively that Allen was present when he witnessed the will, the law is not satisfied—no other witness having unqualifiedly stated that Matthews and Williams signed the will as witnesses in the presence of Allen.

We think that, both by the test of reason and the rule of authority, the position assumed by appellants is the sounder one. As the case presents itself here, there is no contention to the effect that every statutory requirement with reference to the facts which must be proved in order to admit a will to probate had been established, except that the proof was insufficient to establish that the will had been executed with the formalities and under the circumstances necessary to make it a valid will, for the reason

that neither McKain nor Williams nor any other witness could either declare or deny that Allen was present at the time the witnesses signed—all impressions with reference to this detail, if any ever existed, having departed from the mind of McKain as to Matthews, and nothing being retained in Williams' memory as to this feature of the transaction, although McKain's memory did suggest to him that Williams came into his office with Allen at the time the former witnessed the will.

If both the witnesses had been dead, then the statute provides that the lawful execution of the will may have been established by merely proving the handwriting of the subscribing witnesses by two witnesses. This is not because the Legislature arbitrarily designed the statute to require less proof when the witnesses are dead than when they are living, but because the Legislature recognized the impracticability of requiring more proof under such circumstances. Had both the witnesses been removed from contact with human relations by physical death, then appellees could not be heard to contend that all lawful requirements as to the execution of the will had not been met when proof by two or more witnesses of the handwriting of the two attesting witnesses had been established; nor do we think there could be any valid objection interposed against the sufficiency of the proof of the execution of the will as required by law if this were a case in which one of the witnesses were dead and the other were insane, if proof of their respective signatures were made by the number of witnesses required by the statute. In such situation one of the witnesses would be inaccessible, by reason of the intervention of death, and the other would be incapacitated and unavailable because of the fact of his insanity. Practically the same situation as would then exist confronts us in this case. One of the witnesses is dead, and his evidence is unavailable, so that only proof of his signature is required to satisfy the law as to him with reference to the proper execution of the will. All memory of the transaction has departed from the mind of the other, and is irretrievably lost. Because of the lack of memory no proof one way or the other as to the manner of the execution of the will is available beyond the bare fact that the witnesses signed it at Allen's request. There is no contention, as above stated, that every other requirement of the law has not been met. It is not denied that Allen was more than 21 years of age, that he was of sound mind, and that the instrument offered for probate expresses his last will and desire. Such being the case, we must either presume, without any evidence to support the presumption (and solely because of the frailty of men's memories, which have ceased to reflect any light upon the details of the occurrence), that Allen

was not present when the witnesses signed the will, or, on the other hand, without any direct and positive evidence we must conclude from the facts proved that he was present, and say that under the circumstances they reasonably establish that conclusion.

We know of no authority holding that proof of the due execution of a will with the formalities and under the circumstances required by law must depend upon the definite recollection of details by witnesses whose memories, in the nature of things, may be expected to grow dim with reference to the details of the event, because the witnesses have no reason to keep the impress of such things upon their minds throughout the years that may elapse before it becomes of any practical concern to anybody whether they remember or forget. On the contrary, we think that all the authorities recognize, when such a situation arises, that proof of facts and circumstances which show with reasonable certainty that the will was witnessed as required by the statute suffices to satisfy the law. The case of Berryhill v. Berryhill, 193 S. W. 218, is a case particularly in point, and to it we refer as authority sustaining our view. The decisions of the courts of other states are authority to be followed by us in this case, because those decisions are founded upon a construction of statutory provisions very similar to those of our own state, and provisions designed to effectuate the same purpose, which is to supply proof of the genuineness of the execution of wills. Such statutes express the same important public policy in the law of the various states whose courts have passed upon the question here involved. We will merely refer to some of the numerous authorities supporting our position. They are as follows: Rugg v. Rugg, 83 N. Y. 594; Trustees of Auburn Seminary v. Calhoun, 25 N. Y. 425; Greenough v. Greenough, 11 Pa. 489, 51 Am. Dec. 567; In re Tyler's Estate, 121 Cal. 405, 53 Pac. 928; Kirk v. Carr, 54 Pa. 285; In re Johnson's Estate, 152 Cal. 778, 93 Pac. 1015; Allison v. Allison, 46 Ill. 61, 92 Am. Dec. 237.

It must be kept in mind that there is no statutory requirement as to the nature of the proof necessary to establish the fact of the proper execution of a will. The statute only provides the extent of proof to be made, or rather the number of witnesses to be used in the different contingencies specified in relation to making proof of a will. There is no provision rigidly fixing a departure from the ordinary rules of evidence in making such proof. That secondary proof of any fact may be made under proper circumstances in cases of this nature as in any other is well settled. Upon issue being made as to proper execution of the will, the proof of it is to be determined just as the proof of any other question of fact to be submitted to

a jury, and, if the evidence is such that a jury might arrive at opposite or different conclusions based upon it, then the court, under well-known requirements, must submit the case to the jury. This being so, the only question for determination is whether or not the evidence is such that the jury might reasonably conclude from it, under all the facts and circumstances presented to them, that the will was executed in conformity with the requirements of law. We think the proof establishes prima facie that the will was duly and lawfully executed. We do not think it could sustain the contrary conclusion. The proof, then, as it stood when the court directed a verdict completely satisfied the statutory requirement in this regard. We are therefore of opinion that the court erred in excluding the will from evidence, and also in instructing a verdict for appellees.

[2] Appellants complain of the action of the court in excluding the testimony of various witnesses as to conversations had with W. J. Allen previous to the execution of his will, and also subsequent to the execution of it. We think this evidence was properly excluded. There was nothing in the pleadings of either party upon which to predicate it, since the objection to probating the will was based exclusively upon the contention that it had not been properly executed. Proof of the statements of the testator in a suit contesting a will is not to be heard except where the contest is based upon mental incapacity or undue influence, or is partly based upon one or both of these issues. If the contest is based upon mental incapacity, then the statements of the testator are received in evidence because of the fact that the human mind most commonly reflects its processes through the medium of such expression, and from the nature and character of expression it gives itself through such medium its condition and capacity with reference to normality is determined. When the contest involves the question of undue influence, then certain statements of the testator are admitted, not to determine whether or not undue influence has been practiced, but only after proof of conduct calculated to induce undue influence has been established do relevant statements of the testator become admissible to determine whether or not such conduct actually produced undue influence. Scott v. Townsend, 106 Tex. 322, 166 S. W. 1138. The only question involved in this case being that of the proper execution of the will, the statements of the testator were not admissible, for it is well established that the execution of a will cannot be proved by the statements of the testator.

We are requested to reverse the case and render judgment for appellants. The proof as it stands, if it should be conceded that no evidence in opposition to it is available, we believe would require that we reverse and render the judgment. However, since appellees have offered no proof below, we think it is our duty to reverse and remand the case, which we accordingly do.

## On Motion for Rehearing.

[3] We have held in this case that the facts established upon the trial were sufficient to make prima facie proof of the valid execution of the will, and that, under the proof as constituted by the facts adduced, it would be proper for this court to reverse and render the cause if it had appeared that the proof developed could not be contradicted by appellee.

Since appellees introduced no evidence whatever on the trial below, but relied upon the insufficiency of the case made by the appellant under the proof tendered in his behalf, and obtained a peremptory instruction, the record as presented before this court does not indicate that the proof has been exhausted, and that upon another trial it could not be developed to an effect which might support a conclusion different from the one, and the only one, which we have indicated the proof in the record sustains.

Both appellant and appellees have filed motions for rehearing. Appellant's motion seeks a judgment reversing and rendering the cause instead of reversing and remanding it. The appellees, upon the same grounds originally presented to this court to sustain the decision of the court below, again seek an affirmance of the case. In connection with these motions it is asserted on behalf of appellant, and conceded on behalf of appellees, that the proof was exhausted in the trial of the cause out of which this appeal grew, and that no proof of a nature different from that contained in the record now before us could be developed upon another trial. This being so, appellees' motion for rehearing will be overruled, and appellant's motion for rehearing granted, and the judgment of the court below reversed and rendered for appellant.

It is accordingly so ordered.

## On Motion for Additional Findings of Facts.

Appellees have filed a motion requesting additional findings of facts. The motion relates altogether to the finding of facts derived from the testimony of the witness McKain. We have carefully examined the findings contained in the opinion in connection with this motion. The motion contains one suggestion of an erroneous statement in the findings of facts, and only one. That statement is the last sentence embodied in our finding of facts. It is as follows:

"He (McKain) testified positively that he did remember that Allen brought Williams into his office on the occasion of Williams witnessing the will."

McKain's testimony on this point was as follows:

"I just remember that Mr. Allen stated to me, 'I will go out and get my witnesses.' He went out for that purpose, and, that being his business, and no part of mine, as I understood it, I did not bother about it; made no suggestions. My best recollection is that Mr. Allen went out and brought Mr. R. F. Williams into my office, but I am not positive about it. Mr. R. F. Williams signed the instrument when he came in."

The motion for correction of finding of facts in the respect and to the extent above indicated is granted. The motion to find further suggested facts is not well taken, and as to the same it is overruled.