CRAIG et al., Plaintiffs In Error , v. CRAIG et al.

Division One, May 15, 1900.

**Will: CONTEST: PROOF OF EXECUTION.** One witness swore that he and the other subscribing witness to a will signed it in the presence of each other and in the presence of the testator. The other witness had forgotten all about the testator, could not remember him, but did remember that he signed the will in the presence of the other witness, and testified that he had witnessed many wills, and never witnessed any unless the testator asked him to do so. *Held*, that, as the law does not make the proof of the will dependent alone on the testimony of the subscribing witnesses or render their testimony absolutely essential, the proponents met the burden of proving the execution of the will, and this evidence was sufficient to establish it.

Error to St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*L. Frank Ottofy* for plaintiffs in error.

(1) The trial court erred in refusing plaintiffs' instruction offered at the close of both defendant's case and the whole case. A will contest is a trial *de novo,* and the will must be proved in solemn form, as though never presented in the probate court. Not having been proved, it must fall. Sec. 8884, R. S. 1889; Withinton v. Withinton, 7 Mo. 592; Cravens v. Faulconer, 28 Mo. 21; Benoist v. Murrin, 48 Mo. 54; Harris v. Hays, 53 Mo. 94; Lamb v. Helm, 56 Mo. 432; McIlwrath v. Hollander, 73 Mo. 113; Norton v. Paxton, 110 Mo. 461; McFadin v. Catron, 120 Mo. 269; Cash v. Lust, 142 Mo. 637. (2) The attestation must be proven by more than one witness. The statute is not satisfied by the evidence of but one subscribing witness in the absence of other corroborative evidence. Mays v. Mays, 114 Mo. 536; Morton v. Heidorn, 135 Mo. 614.

Craig v. Craig.

*A. R. Taylor* for defendants in error.

The evidence in this case showed a formal execution of the will in every respect. Krembs, the draftsman of the will, swore positively, that he signed the will as a witness thereto, at the request of the testator and in his presence, and that the testator appeared to be in perfect sound mind. He just as positively swore that the other subscribing witness, Remaklus, signed the will as a witness thereto, at the request of the testator, and in his, the testator's presence. That witness was present when Remaklus so signed the will. This is abundant proof of the formal execution of the will. The other witness to the will, Remaklus, testified in substance, that he recognized his signature to the will. That he frequently signed his name as a witness to wills. That, while he had no recollection as to the occurrences at the time of signing the will and couldn't tell who was present, except that Krembs the other subscribing witness was present. This evidence clearly tended to prove that the witness signed the will as a witness thereto, at the request and in the presence of the testator, and when supported by the direct evidence of Krembs, and also by his solemn attestation to the will, the evidence that he did so is very conclusive upon this state of the record; the finding by the court sitting as a jury is conclusive, and there is no ground for a reversal of its action. Young v. Ridenaugh, 67 Mo. 589; Garland v. Smith, 127 Mo. 581.

VALLIANT, J.—This is a will contest. Plaintiffs are the son and widow, defendants are the daughters of the testator. The will was admitted to probate in the probate court of St. Louis in April, 1897, and this suit instituted soon after in the circuit court of that city. The will gives only a nominal legacy to the son, does not mention the widow, and gives substantially all the estate to the two daughters. The grounds stated in the petition to invalidate the will are, that

the testator was of unsound mind, that the will was the result of undue influence exerted by defendants, and that it made no mention of the widow.

A jury was waived and the cause was tried by the court. Upon the trial the two subscribing witnesses were introduced. One of them, Krembs, testified that he wrote the will at the request and dictation of the testator who came to his office for that purpose, that he signed it as a witness at the request of the testator and in his presence, and that the other subscribing witness, Remaklus, also signed it at the testator's request and in his presence, and that he was then of sound mind. The other subscribing witness, Remaklus, when the paper was shown to him testified that he signed it as a witness; then he said that he did not know Mr. Craig the testator.

"Q. Did you see Mr. Craig at the time?"

"A. I don't remember; when I signed that name he was there, but I don't remember the man."

"Q. Do you remember how he looked?"

"A. No, sir. .. . ."

"Q. Well, who was present when you signed your name to that as a witness?"

"A. Mr. Krembs is the only party I remember."

"Q. Where did you sign your name?"

"A. In Kremb's office."

"Q. Was there any other person there?"

"A. I don't remember. . . ."

"Q. I will ask you if Mr. Krembs did not ask Mr. Craig if you both should sign as witnesses in his presence?"

"A. Any will that I have signed that question was asked."

"Q Do you recollect that that question was asked on this occasion?"

"A. Wherever you find any name when I signed it, it has been asked because otherwise I could not sign it."

"Q. Do you recall that fact?"

"A. Well, I said before I don't remember Mr. Craig. I said any will I have signed I know these questions were asked, because I have signed lots of wills."

"Q. You mean by that you don't identify Mr. Craig in your memory?"

"A. No, sir."

Other witnesses for the proponents testified that the testator was of sound mind. There was no evidence offered by the plaintiffs; the only instructions given were asked by them. The finding was that the paper propounded was the last will and testament of James Craig deceased and there was a judgment accordingly. Motion for new trial, etc., and appeal by plaintiffs.

The only point relied on by appellant for a reversal of the judgment is that one of the attesting witnesses failed to testify that he signed the will in the presence of the testator or at his request. This witness did not say that the testator was not present or that he did not request him to sign as a subscribing witness, but that he had no recollection of the fact and that he was not acquainted with the testator. He went on to say that he had witnessed a great many wills and that he never signed as a witness without being so requested by the testator, but the facts of this occasion seems to have passed from his memory.

The burden was upon the proponents to prove the execution of the will although the fact of execution was not specifically controverted in the petition.

Our statute requires that a will be in writing signed by the testator or by some one by his direction in his presence and be attested by two or more witnesses subscribing it in the presence of the testator. [Sec. 8870, R. S. 1889; *Idem*, sec. 4604, R. S. 1899.] But the law does not make the proof of the will dependent alone on the testimony of the subscribing witnesses or render their testimony absolutely essential.

No court in which a will is offered for probate would be satisfied without having the evidence of the subscribing witnesses, if attainable, unless the proponents show good reason for not producing them, but when produced their evidence is not conclusive, and it is not the only evidence upon which a will can be established.

The statute provides that if the subscribing witnesses be dead or insane or their residences unknown then the will may be proven by proof of handwriting of the testator and witnesses "and of such other facts and circumstances as would be sufficient to prove such will in a trial at law." [Sec. 8886, R. S. 1889.] If this witness had become insane his testimony would not have been required, yet as far as the details of this act are concerned they seem to have faded as completely from his mind as if his mind had given way at all other points.

In Lawrence v. Norton, 45 Barb. loc. cit. 452 the Supreme Court of New York said: "The statute requires the living witness to be examined, but does not place the decision on his evidence, even if he remembers the transaction. If he has forgotten all the circumstances attending the execution, he is no better on the proof of the will than the dead witness. In either case, resort must be had to proof of handwriting and corroborating circumstances."

The question for the court sitting as a jury in this case was simply one of fact; did these two witnesses sign the paper in the presence of the testator and at his request? One witness testifies positively that both of them did so, the other does not remember and there is no evidence to the contrary. What reasonable conclusion would the triers of the fact reach than that which was reached in the court's finding in this case?

It is as essential that the testator be proven of sound mind at the time as that the instrument was executed in due form, yet this court has held that it is not essential that both

subscribing witnesses testify to the soundness of mind in the testator. [Mays v. Mays, 114 Mo. 536.] In that case per BARCLAY, J., it is said: "The law does not place the validity of these important muniments of title at the mercy of those who may be called upon to verify their execution. . . . . . . . Their evidence is not conclusive to sustain or destroy the will. The law does not so require, either expressly or by any reasonable inference of its intent."

In Holmes v. Holloman, 12 Mo. 535, the subscribing witnesses were heirs of the testator and it was their interest to defeat the will. One of them in the probate court had testified that the testator was of unsound mind, and at the trial in the circuit court they both refused to testify at all. The court allowed the facts to be proven by other witnesses and established the will.

In Odenwaelder v. Schorr, 8 Mo. App. loc. cit. 464, our St. Louis Court of Appeals per BAKEWELL, J., said: "One of the attesting witnesses swore that the testator was not of disposing mind. If this was necessarily fatal to a will, either one of the two witnesses required by the statute would have it in his power to destroy a will made by one of the soundest mind, and with careful compliance with every formality required by law. . . . . . . . The rule, both in this country and England, is that the party propounding the will must produce all the witnesses, make them his, and give the contestants the benefit of cross-examination, if these witnesses are alive and in a condition to give evidence; and that the court, generally will not decree the establishment of the will, unless the devisee has called all the subscribing witnesses or has accounted for their absence. But their testimony is not conclusive either for or against the will." Citing Tatham v. Wright, 2 Russ. & M. 1; Bootle v. Blundell, 19 Ves. 494; Thornton v. Thorntor, 39 Vt. 122.

The Supreme Court of Pennsylvania had the very question we have in this case before it in McKee v. White, 50

Pa. St. loc. cit. 360, and said: "For the reasons given and the authorities cited, the proof was sufficient; it was by two witnesses, one of whom recollects distinctly that the other, who does not recollect, did sign in the presence of the testator, and whose very attestation is to the declaration that he subscribed at the request of the testator, and in his presence. If both had been equally oblivious of what had passed, still if they had, as did this one, both recognized each his signature, it would have been sufficient."

In the case at bar the finding of the learned trial judge was justified by the evidence. There is no error in the record and the judgment is affirmed. All concur.