JOSEPH AVARO, Jr., Appellant, v. UGOLINA AVARO et al.

**Division Two, June 20, 1911.**

1. **WILL: Attestation: Under Word Witnesses Alone.** The signatures of the witnesses to a will need not be preceded by any printed or written recital of the fact of attestation. That fact may be shown by evidence *aliunde*. The will is sufficiently attested if under the single word "Witnesses" two competent persons affixed their names thereto as witnesses, at the request, expressed or implied, of testator, and in his presence.

2. ———: ———: **Translated to Foreigner Before Execution.** A citizen of this country, of Italian birth, who could neither read nor write, went with a friend, who understood both the English and Italian languages, to a notary public, who wrote the will in English, and read it to the friend, who translated it to testator, who expressed himself pleased with it, and affixed his signature thereto, and requested the friend to witness it and ask the notary also to witness it, and that re-

Avaro v. Avaro.

quest was communicated to the notary, and the two, under the single word "Witnesses," affixed their names, in his presence. *Held*, a valid attestation, and a valid will.

3. ———: ———: ———: **Dependent on Testimony of Translator.** And though the proof that the two persons who signed the will under the word "Witnesses," did so at the request of testator, through an interpreter, depends largely upon the oral testimony of that interpreter, yet that constitutes no objection to the testimony, if the interpreter is shown to be acquainted with both languages and capable of speaking and understanding each.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*W. B. Skinner* and *W. Cloud* for appellant.

(1) Every will shall be in writing, signed by the testator or by some person by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator. R. S. 1899, sec. 4604. This statute is imperative. Catlett v. Catlett, 55 Mo. 330. (2) It is not the mere physical fact of signing that the two witnesses attest, it is that the instrument signed with the testator's name is his will—that he signed it as his will—and this of course presupposes primary knowledge of such facts by each of the witnesses. Walton v. Kendrick, 122 Mo. 525; Ortt v. Leonhardt, 102 Mo. App. 43. (3) The testimony of one witness is not sufficient to establish a will. Withinton v. Withinton, 7 Mo. 589. (4) Where a will is written in a language that the alleged testator cannot read and which he does not understand, nothing can be inferred from his act of signing the same. Mittenberg v. Mittenberg, 78 Mo. 27. (5) It is a universal rule of law that where words are spoken in a foreign language, in order to charge or prove them to have been "spoken in the hearing of another" it must af-

firmatively appear that such "other person" understood such foreign language. State v. Mattheis, 44 Mo. App. 294; Palmer v. Harris, 60 Pa. St. 156. (6) A will attested by a witness who does not understand the language in which it is written is void. Herbert's Heirs v. Herbert's Legatees, 11 La. 364. (7) The want of capacity of one of the witnesses to attest what was done cannot be supplied by the testimony of the notary and the other two witnesses that the dispositions of the will were explained by the notary to the witness who was not able to understand them in the language in which they were written. Breaux v. Gallusseaux, 14 La. Ann. 273.

*Geo. Hubbert* and *D. S. Mayhew* for respondents.

(1) Between two strangers, speaking and understanding only their several different languages, an interpreter of their words and meanings is taken as their mutual agent for the occasion; and the evidence of his statements between them, in their respective dialects, is not confined to the low level of merely repeated hearsay, but it is original communication between his principals, quite as effective in law as any other agency, bearer or means of communication, be it pen, telephone, telegraph, or other sign or signal. It is the communication of a party through his agent. Miller v. Lathrop, 52 N. W. (Minn.) 274; Wright v. Maseras, 56 Barb. (N. Y.) 521; Blazinski v. Perkins, 45 N. W. (Wis.) 947. The competence of a witness to testify to his knowledge of the actions and utterances and signs given by the respective parties, does not depend upon his knowledge of both languages used; so, Badger's testimony of statements of Avaro through his interpreter, Roberts, is first hand evidence. People v. Ah Wee, 48 Cal. 236; Com. v. Vose, 17 L. R. A. 813. The interpreter's statements while officiating as such for another in his presence are the same

as original statements of the person himself, being' through an agent of his own choice. Greenleaf, Ev., sec. 183; Fabrigas v. Mostyn, 20 St. Trials 122; McCormick v. Fuller, 56 Iowa 43; Wise v. Newatney, 42 N. W. 339; Camerliin v. Palmer Co., 10 Allen 539. (2) It is not necessary that proof of a will be by more than one witness. That the attestation was by two may be proved by one or by the signatures and other circumstances. Hughes v. Rader, 183 Mo. 700; Lorts v. Wash, 175 Mo. 502; Craig v. Craig, 156 Mo. 358; Dickey v. Malechi, 6 Mo. 177; Graham v. O'Fallon, 4 Mo. 601; Graham v. O'Fallon, 3 Mo. 507. (3) It is not necessary that the witnesses who attest a will shall know the contents of the will, from any expression of the testator, or from reading the will. It is sufficient that the witnesses understand that it is a will that they attest at the testator's request. Berberet v. Berberet, 131 Mo. 399; 30 Am. & Eng. Ency. Law, 596; Roche v. Nason, 93 N. Y. Supp. 565. (4) It is not necessary to a valid will that the testator shall be able to read or to know the contents of the paper signed and attested as a will, otherwise than from the statements or interpretation thereof by others who do know from inspection. Gardner on Wills, pp. 32, 33; Chaplin on Wills, 387; 2 Woerner, Admn. Law (1 Ed.), sec. 38, p. 60; Page on Wills, sec. 160; Underhill on W., sec. 142; Berberet v. Berberet, 131 Mo. 399; The Hoshaner Case, 26 Pa. St. 404; The Dickinson Case, 61 Pa. St. 401; Walters's Will, 64 Wis. 487.

## STATEMENT.

BOND, C.—Joseph Avaro, Sr., who was born in Italy, became an immigrant in Lawrence county, Missouri, in 1881, and resided there until his death, in 1905. He was a farmer and became a landowner, but never learned either to read or speak the English language. He desired to make a will, and, for that purpose, in March, 1899, in company with John Rob-

erts, who had lived in the same town in Italy where Avaro, Sr., was born, he went to the office of one Badger, a notary public, in Monett, Missouri.

The evidence tends to show that he carried out his purpose to execute his will in the following manner. He dictated its contents in Italian to John Roberts, who, in turn, translated what had been dictated to him into English to Badger, and Badger wrote in English what was thus dictated to him by Roberts; that after the will had thus been put into a preliminary form, it was transcribed by Badger so as to fill the blank portions of a printed will, and after being put in this final form, Badger then read it over, section by section, to Roberts, and Roberts, in the same way, translated it into Italian and communicated it to Avaro, Sr.; that after this was done Avaro, Sr., expressed himself satisfied and signed the will and requested Roberts to witness it and also to ask Badger to witness it, which was done by the affixing of the names of Badger and Roberts to said will under the word "witnesses."

By the terms of the will, the lands and personal estate of the testator were devised to the parties therein named, with some discrimination between his children. One of the children, Joseph Avaro, Jr., instituted a contest. The trial resulted in a judgment for defendants, and plaintiff appealed.

## OPINION.

I. The only question raised in apellant's brief is, whether the will of his father was executed as prescribed by law?

The statute governing the making of wills is, to-wit: "Every will shall be in writing, signed by the testator, or by some person, by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator." [R. S. 1909, sec. 537.]

In applying this section of the statute, the following propositions have been established in this State:

1st. The requirements of the statute are mandatory. [Catlett v. Catlett, 55 Mo. 330.]

2d. There must be proof of testamentary capacity. [R. S. 1909, sec. 535.]

3d. There must be a request, express or implied, by the testator that his will be attested, and, in pursuance of such request, the signatures of two witnesses must be affixed to the will in his presence. [Hughes v. Rader, 183 Mo. 702; Hach v. Rollins, 158 Mo. 190.]

4th. The signatures of the attesting witnesses need not be preceded by any written or printed recital of the fact of attestation, which fact may be shown by evidence *aliunde.* [Berberet v. Berberet, 131 Mo. 399.]

The testimony of one witness to that effect is sufficient to show that the signatures of two witnesses were placed on the will to attest it. Attestation may also be shown by proof of two signatures, coupled with evidence showing that they were written to attest the will by persons of those names. [Lorts v. Wash, 175 Mo. l. c. 503; Craig v. Craig, 156 Mo. 361; Graham v. O'Fallon, 4 Mo. 601.]

The record shows that the evidence given by the proponents of the will (defendants) tended to prove that the testator was of sound mind, cognizant of the natural objects of his bounty and of the property intended to be devised; that he signed the will with full knowledge of its effects as to the persons and property therein referred to; and that he intended in so doing to make and publish his will.

As to its attestation, the will shows the names of Badger and Roberts written under the word "Witnesses;" and the oral testimony tended to prove that each of these persons, at the request of the testator, through his interpreter, signed the instrument in his

presence and in the presence of each other, and in order to attest it as his will. That the proof of these facts rested largely upon the testimony of the interpreter, Roberts, constitutes no objection to the competency of the evidence thus adduced. For it is a general rule of law, that a sworn interpreter is a competent witness to testify as to communications made to him in one language and translated by him into another, where he is shown to be acquainted with both languages and capable of speaking and understanding each of them. [1 Greenleaf on Evidence (16 Ed.), sec. 183; Com. v. Vose, 157 Mass. 393.]

Since the record in this case shows there was substantial evidence tending to prove the due and proper execution of the will in contest according to the statutory requirements and well-settled principles of law, it follows that the trial court did not err in submitting the case to the jury under proper instructions.

The verdict and judgment sustaining the will are affirmed. *Roy, C.,* concurs.

PER CURIAM:—The foregoing report of the commissioners is hereby adopted as the opinion of the court.