## AS TO THE EVIDENCE REQUIRED FOR PROBATE OF A WILL.

Common Pleas Court of Franklin County.

IN RE LAST WILL AND TESTAMENT OF MARY DEMARIES WATTS, DECEASED.

Decided, October 24, 1916.

*Wills—Specific Number of Witnesses Not Necessary to Probate—Failure of Memory by a Subscribing Witness—Or Disposition to Testify Falsely—Not Fatal to Validity of Will, When—One Subscribing Witness May Prove Execution.*

The testimony of one competent witness to a will, that all formalities necessary to its due execution were complied with by the testator and the witness, is sufficient proof, if believed, for admission of the will to probate, notwithstanding the other witness to the will fails to remember or denies compliance with one or more of the essential statutory requirements to its due attestation.

*Luckhart & Glick,* for petitioners.
*N. W. Dick,* contra.

ROGERS, J.

The probate court of this county having refused to admit the paper writing purporting to be the last will and testament of Mary DeMaries Watts to probate, the matter has been appealed to this court, pursuant to statute, to determine whether or not such paper writing shall be so admitted.

The witnesses to the will, as well as Gertrude Marie Bland, the sole devisee thereunder, came before the court and were examined touching the execution of such will, and the court has had the testimony reduced to writing. The paper writing purporting to be her will was laid before the court, and its contents examined.

The statute, Section 10505, General Code, relative to the execution of wills, other than nuncupative wills, provides that every

such will "must be in writing," and "be signed at the end by the party making it  *  *  *  and be attested and subscribed in the presence of such party by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge it." And relative to the probate of wills the statute also provides:

"Section 10516. The court shall cause the witnesses to the will, and such other witnesses as any person interested in having it admitted to probate desired to come before the court. Such witnesses shall be examined in open court, and their testimony reduced to writing and filed."

"Section 10519. If it appears that such will was duly attested and executed, and that the testator, at the time of executing it was of full age, of sound mind and memory and not under restraint, the court shall admit the will to probate."

It appears from the evidence of the two witnesses to the will, as well as the will itself shows, that both witnesses attested the paper as the last will and testament of Mary DeMaries Watts, and subscribed their respective names thereto as such attesting witnesses; that the testator at the time of such attestation was of lawful age, of sound mind and memory and not under any restraint. One attesting witness, S. W. Sherwood, testified, in substance, that he saw Mary DeMaries Watts subscribe her name Mary DeMaries Watts to the will, and he also heard her acknowledge it. He also testifies, in substance, that the other witness, S. H. Kingry, was present at the time she affixed her signature to the instrument and that she acknowledged it as her will in his presence and hearing. Kingry, however, denies that she affixed her signature in his presence, or that the signature of Mary DeMaries Watts was on the paper when he attested the instrument, although he knew and understood at the time that he affixed his own signature, that he was attesting her will. Apparently the witness, Kingry, had fairly good eyesight and hearing, and there was nothing to prevent his seeing and hearing all that transpired during the execution of the paper.

Both of the attesting witnesses do not by their testimony produce proof of every material fact necessary to the due execution of the will. But the one attesting witness, S. W. Sherwood, makes proof not only of the signing and acknowledging of the will by the testator in his presence, and his own attestation of his signature in her presence and at her request, but also of the signing and acknowledging of her will by the testator in the presence and hearing of the other attesting witness, S. H. Kingry; and of the latter's attestation of her signature in her presence and at her request. In other words, S. W. Sherwood makes proof of the due execution of the will so far as he and she were concerned, as well as its due execution so far as she and the other witness were concerned.

The question therefore is whether the testimony of one competent witness to the will, who testified to all the formalities by the testator and both attesting witnesses to the due execution of the will is sufficient proof, if believed, to admit the will to probate, even though the other witness to the will fails to remember, or denies compliance by the testator with one or more of the essential statutory requirements to its due execution.

While the statute relative to probating wills (Section 10516, G. C.) requires the court to cause the witnesses to the will to come before the court and be examined and their testimony reduced to writing and filed, the statute does not require the will to be proved by the testimony of such witnesses. In truth, the due execution of the will may be proved and the will admitted to probate by witnesses independent of, and even in contradiction to the testimony of the attesting witnesses. The law does not require a will to be proved as well as attested by a specific number of witnesses. A will may be proved by one witness, though it must be attested by two. In other words, the number of witnesses required to prove a will may be less than the number of subscribing witnesses demanded by the statute: *Jesse v. Parker*, 6 Gratt., 57; *Cheatham v. Hatcher*, 30 Gratt., 56; *Lindsey v. McCormack*, 2 A. K. Marsh, 229; *Lamberts v. Cooper*, 29 Gratt., 61; *Hall v. Sims*, 2 J. J. Marsh, 509; *Harper v. Wil-*

*son,* 2 A. K. Marsh, 465; *Mickle* v. *Matlack,* 17 N. J. L., 86; *Webb* v. *Dye,* 18 W. Va., 376; *Crusoe* v. *Butler,* 36 Miss., 150.

Proof of a will by one of the attesting witnesses is sufficient if he can testify to a compliance with all the requirements of the statute as to the execution, acknowledgment and attestation. Any one of the subscribing witnesses may prove the execution of a will and its due attestation by himself and the others; and if his testimony is satisfactory, it is sufficient. *Dewey* v. *Dewey,* 1 Metc. (Mass.), 349; *Craig* v. *Craig,* 156 Mo., 358; *Matter of Bernsee,* 141 N. Y., 389; *In re Skinner,* 40 Orig., 571; *McKee* v. *White,* 50 Pa. St., 354; *In re Matz,* 136 Calif., 558. See also 40th Cyc., 1306, and cases.

If the law were otherwise than as above indicated, every will and its due execution would be at the mercy of the subscribing witnesses either to sustain or overthrow it at pleasure. Hence, the law does not permit one attesting witness, by failure of memory, or false swearing or the like, to defeat the will of the testator; but the testimony of the witnesses, whether one or more, and the surrounding circumstances, if they show that all the solemnities required by statute in the execution of the will have been observed, will be sufficient, if believed, to admit the will to probate.

Counsel opposing the will in the main relies upon *Keyl* v. *Feuchter,* 56 Ohio State, 424. This case, however, only decides what are the essentials to the admission of a will to probate, and does not decide the question as to whether the testimony of both attesting witnesses is necessary to establish the will.

The question in the case at bar is one of the quantum of proof essential to admit a will to probate, and not alone one as to the essential facts necessary to be established by the proof in order to admit such will to probate. The fact to be established is the proper execution of the will. If that is proven by competent testimony, it is sufficient, no matter from what quarter the testimony comes, provided the attesting witnesses are among those who bear testimony or their absence is explained. The

inquiry is whether, taking all the testimony together, the fact of the due execution of the will is well established. It is not required that any one or more of the essential facts should be proved by all, or any number, of the attesting witnesses. The right is simply to have the attesting witnesses examined, no matter what their testimony may be.

From the evidence adduced, including all the circumstances surrounding the execution of the will, I am of opinion that the paper writing purporting to be the last will and testament of Mary DeMaries Watts is satisfactorily shown to be her last will, and the same is entitled to be admitted to probate, and it is so ordered.