ERMA D. BELL et al., Appellants, v.   CHARLES   B. SMITH et al.

Division Two, July 16, 1917.

1. **WILL: Proof: By One Subscribing Witness: Remaindermen Considered Heirs.** Proof by only one subscribing witness to a will, without any showing as to what has become of the other witnesses, is not proof in accordance with the statutes of Missouri; and where the will offered in evidence was never proved in this State, and the proof made in the foreign State shows it to have been proved by only one witness, it cannot be held to be a valid will, and though it undertakes to make the claimants of land remaindermen subject to a life estate, they must be held, upon an adjudication of its invalidity, to be only heirs of the owner and to have taken, if anything, an estate *in praesenti.*

2. **LIMITATIONS: Thirty Years.** Claimants to land cannot be held to be remaindermen under a void will, but they took an estate *in praesenti;* and if the owner under whom they claim died in 1876 and no taxes were paid by them at any time, and they were at no time in possession of the wild land, which was sold at a tax sale in 1907 to defendant, who has since been in actual adverse possession, they are barred and the title has vested in defendant by the thirty-year Statute of Limitations.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,*
Judge.

AFFIRMED.

### J. W. Chilton for appellants.

(1) The will of William B. Dorn conveyed to his
widow a life estate in the land in controversy, and re-
mainder in fee to his children. Sec. 578, R. S. 1909;
Russell v. Eubanks, 84 Mo. 83; Rodney v. Landau, 104
Mo. 251; Jordon v. Meier, 31 Mo. 40; Reinders v. Kop-
pelman, 68 Mo. 482; Byrne v. France, 131 Mo. 659. (2)
The probate of a will relates back to the death of the
testator, validating it as a conveyance of title from his
death, and preventing a hiatus in the title. No estate
can or ought to intervene between the testator and his
devisee. Farris v. Burchard, 262 Mo. 343; Boothe v.
Cheek, 253 Mo. 131; Richards v. Pierce, 44 Mich. 445;
Goodman v. Winters, 64 Ala. 429; Sutphen v. Ellis, 35
Mich. 449; Wilson v. Wilson, 54 Mo. 213. From the
date of the death of the testator until probate of the
will, be it however long, no title does or can vest in the
heirs of testator by descent. Goodman v. Winters, 64
Ala. 410. See also authorities above cited. (3) At
common law there is no limit of time within which a will
must be probated, and there is no statute in Missouri
changing this common-law rule. Hence a will affecting
land in Missouri may be probated any time after·death
of the testator. 23 Am. & Eng. Ency. of Law (2 Ed.),
123 (par. "b"); Boothe v. Cheek, 253 Mo. 119; Haddock
v. Railroad, 146 Mass. 160; Featheree v. Lawrence, 33
Miss. 615; Rebhan v. Mueller, 114 Ill. 343; Farris v.
Burchard, 262 Mo. 342. (4) The probate of a will is a
judicial act which cannot be assailed collaterally; neither
can the evidence upon which the probate judgment is
based be inquired into in a collateral proceeding. Jor-
don v. Meier, 31 Mo. 40; Cohen v. Herbert, 205 Mo. 551;
Sturm v. Larwell, 110 Mo. App. 159; Charleton v.
Brown. 49 Mo. 353. (5) But even if it were competent
to inquire into the evidence upon which probate of a will

was granted, it would be found that when the testimony of the subscribing witnesses is not obtainable, the probate may neverthless be granted upon other evidence which satisfies the court that the instrument offered is in fact the will of the decedent. Craig v. Craig, 156 Mo. 358; Farris v. Burchard, 262 Mo. 343; Mays v. Mays, 114 Mo. 536; Featheree v. Lawrence, 33 Miss. 615; Secs. 552-558, R. S. 1909. (6) A foreign will which has been probated in the State where executed according to laws of Missouri and in fulfillment of legal requirements of this State, is valid and admissible in evidence here in any judicial proceeding, notwithstanding it has never been either probated here or recorded upon the deed records of the county where the land is situate in this State. Rodney v. Landau, 104 Mo. 260; Lewis v. St. Louis, 69 Mo. 598; Bradstreet v. Kinsella, 76 Mo. 66; Graves v. Fender, 82 Mo. 504; Drake v. Curtis, 88 Mo. 644. (7) Possession of land by a life tenant, or one holding the title of a life tenant, can never be adverse to the title of a remainderman, and can never set in motion any statute of limitations as against the remainderman so long as the life estate continues. Waddle v. Frazier, 245 Mo. 391; Moran v. Stewart, 246 Mo. 462; Bradley v. Goff, 243 Mo. 95; Hall v. French, 165 Mo. 430; Swearengin v. Stafford, 188 S. W. 97. (8) Remaindermen are under no duty to pay taxes on land so long as the life estate exists; hence the provisions of the thirty-year Statute of Limitations have no application to remaindermen. Howell v. Jump, 140 Mo. 441; Bone v. Tyrrell, 113 Mo. 175; Bradley v. Goff, 243 Mo. 102.

*John A. Gloriod* and *Brewster & Welker* for respondent, Charles B. Smith.

(1) The will of William B. Dorn was not proven or probated in accordance with the provisions of the laws of Missouri. Only one witness was examined and he only as to the signature of one of the purported attesting witnesses. R. S. 1909, secs. 537, 567; Cowan v. Shaver, 197 Mo. 203. (2) One dealing with lands situate in this State is not charged with constructive notice

of a will probated in another State. The will must be probated here, or a copy thereof and of the foreign probate be recorded here, pursuant to the provisions of our statute, before the purchaser is charged with constructive notice. In this case the will was not even probated in the foreign state until after the institution of this suit. Van Syckel v. Beam, 110 Mo. 593; Keith v. Keith, 97 Mo. 223; Graves v. Ewart, 99 Mo. 13. (3) The law presumes all men to have died intestate. Van Syckle v. Beam, 110 Mo. 593; Keith v. Keith, 97 Mo. 223; Graves v. Ewart, 99 Mo. 13. (4) Even though plaintiffs had the right to have a duly authenticated copy of Dorn's will recorded here after it had been duly probated in South Carolina, yet it could not affect the rights of Smith after he had acquired his title by the thirty year statute and after the institution of this suit. Keith v. Keith, 97 Mo. 231; Fairbanks v. Long, 91 Mo. 631. (5) Adverse possession not only bars action but confers title in every respect as good for the purposes of attack or defense as a title by deeds running back to the government. Scannel v. Fountain Co., 161 Mo. 618; Kirton v. Ball, 168 Mo. 633; Franklin v. Cunningham, 187 Mo. 196. (6) Remaindermen are obliged to pay taxes to protect their interests if the life tenant neglects to do so. Hall v. French, 165 Mo. 438.

ROY, C.—This is a suit to quiet title to the north-half of section 23, township 26, range 6 east, in Butler County. There was a judgment for the defendants, and plaintiffs have appealed.

William B. Dorn owned the land at the time of his death in 1876. He left a will by which he devised the land to his wife during her life with the remainder on her death to her children. The plaintiffs are his surviving children and the heirs of those who were dead. The widow is still living. William B. Dorn, the testator, was at the time of his death a resident of South Carolina. The will was never proved in this State. It was proved in South Carolina as follows:

Bell v. Smith.

The State of South Carolina ⎫
                             ⎬ Probate of Wm. B. Dorn's Will.
Edgefield County            ⎭

By L. Charlton, Esq., Judge of Probate of said County.

Personally appeared before me, Horace Parker, who being duly sworn, maketh oath and says that he saw Wm. B. Dorn, sign, seal, publish, pronounce and declare the annexed instrument of writing bearing date the 5th day of September *Anno Domini* one thousand eight hundred and seventy-six to be and contain his last will and testament; that he, the said Wm. B. Dorn, was then of sound and disposing mind, memory and understanding, according to the best of deponent's knowledge and belief and that H. A. Gray, S. H. Manget and myself at the request of the testator and in his presence, and in the presence of each other, witnessed the due execution thereof. Sworn to and subscribed before me, this the twentieth day of January A. D. 1877.

H. PARKER,

L. Charlton, Judge of Probate, E. C. (L. S.)

"State of South Carolina ⎫
                          ⎬ In Probate Court.
County of Edgefield      ⎭

"Whereas, the last will and testament of Wm. B. Dorn, of above county and State, as dated the 5th day of September, 1876, and recorded January, 1877, by Mr. H. Parker, one of the subscribing witnesses thereto, in the presence, or before Judge L. Charlton, Probate Judge, in and for the county of Edgefield, State aforesaid, at said time;

"And Whereas, I, W. T. Kinnaird, as probate Judge in and for said county and State at this time (May 15th, 1913) have had the signature of said H. Parker, the witness aforesaid, duly attested and sworn to by Mr. A. S. Tompkins, an attorney of this county and town, as matter of precaution, said witness being now dead;

"And Whereas, said Judge of Probate L. Charlton (who is also dead) omitted or failed, for some unknown cause, to issue, or file his decretal order in connection with the proceedings of the probation by him, of said will, ordering and decreeing said probated will to be admitted to probate in common form as required by law.

"Now, Know All Men By These Presents that, I, W. T. Kinnaird, as probate judge in and for the county of Edgefield, State of South Carolina, at the present time, upon the consideration of the testimony above set forth and being fully satisfied with the sufficiency thereof,

"Do hereby adjudge and decree that the said instrument in writing purporting to be the last will and testament of said Wm. B. Dorn, be now admitted to probate in common form.

"It Is So Ordered. It is further ordered that this instrument in writing, ordering the will of said Wm. B. Dorn admitted to

probate in common form, be recorded in the proper records of the county.

"Witness my hand and seal May 15th, 1913. (L. S.) Ordered this the 15th day of May, A. D. 1913. W. T. Kinnaird, Judge of Probate of Edgefield County, South Carolina."
(Duly Certified).

No taxes were ever paid on the land by the plaintiffs or those under whom they claim after death of the testator.

The defendant claims title through deeds under execution on judgment for taxes.

No one was ever in actual possession of the land until the defendant enclosed it with a fence in 1907, since which time defendant has been in the actual, adverse possession of the land, claiming to own the same absolutely, paying taxes thereon.

When the will above mentioned was offered in evidence by the plaintiffs, the defendant objected to it on the ground that it had not been legally and properly proved, as it had been proved by only one of the three subscribing witnesses. The objection was overruled and the will together with the proof was read in evidence. The court adjudged that the plaintiffs had no right, title or interest in the land and adjudged, in accordance with the prayer for cross-relief in the answer, that the defendant was the absolute owner of the land.

I. Though the will was admitted in evidence, the **Proof** trial court in rendering its judgment for the de-
**of** fendant, evidently did so on the theory that the
**Will.** will was not properly proved.

Section 567 of the Revised Statutes provides:

"Any person owning real or personal estate in this State may devise or bequeath such property by last will, executed and proved, if real estate be devised, according to the laws of this State, or if personal estate be bequeathed, according to the laws of this State or of the country, State or territory in which the will shall be made."

Appellants contend that the will in question has been proved in accordance with the requirements of the

laws of this State. They cite us to Craig v. Craig, 156 Mo. 358, where it is said: "But the law does not make the proof of the will dependent alone on the testimony of the subscribing witnesses or render their testimony absolutely essential." They overlook the next paragraph in that opinion where it is said: "No court in which a will is offered for probate would be satisfied without having the evidence of the subscribing witness, if attainable, unless the proponents show good reason for not producing them, but when produced their evidence is not conclusive, and it is not the only evidence upon which a will can be established."

Whether there is any difference in that respect between the formal *ex parte* proof of a will and the proof in a suit to contest a will we will not now undertake to say. But we do hold that proof by only one subscribing witness, without any showing as to what has become of the other witnesses, is not a proof of the will in accordance with Sections 550, 551, 552, 553 and 554 of our Revised Statutes. This exact question has never heretofore been before this court, but we do not think that the sections of the statute above mentioned can be so construed as to validate the proof of the will as it was made in this case.

II. As there is no valid will in the case, the plaintiffs are not remaindermen under that will.

Limitations. Their estate was one *in præsenti*, and they are barred by Section 1884 of our Revised Statutes, which is commonly called the thirty-year Statute of Limitations.

The judgment is affirmed.

*White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur, *Faris, J.,* in result.