**Paul BROOKS (Plaintiff), Appellant,**

v.

**Walter W. DUNSON and Roberta L. Dunson (Defendants), Respondents.**

No. 22063.

Kansas City Court of Appeals.

Missouri.

Nov. 1, 1954.

Thurman L. McCormick, Kansas City, for appellant.

Claude L. Schenck, Kansas City, for respondents.

CAVE, Presiding Judge.

This is an unlawful detainer suit filed in the magistrate court of Jackson County. Defendants filed an answer and the magistrate was of the opinion that title to real estate was involved and transferred the cause to the circuit court. A jury was waived and the case tried before the court, resulting in a judgment dismissing the complaint. Plaintiff perfected his appeal.

Defendants have filed motion to dismiss the appeal because: (1) The plaintiff (appellant) has filed an abbreviated transcript without the consent of the defendants and over their objections; and (2) that plaintiff's brief was not served upon defendants within the time provided by 42 V.A.M.S. Rule 1.09.

The complaint is in the usual form. The answer is long and need not be copied, but in substance it challenges the right of plaintiff to maintain this suit because the foreclosure of a certain deed of trust through which plaintiff claimed to have acquired legal title to the real estate was wrongfully and fraudulently made since, among other reasons, the payments to be made on said note were not in default and that plaintiff and one F. E. Nolte had entered into a conspiracy to defraud the defendants.

At the conclusion of the trial, and after the court had indicated that he would dismiss plaintiff's complaint, the plaintiff requested the court to make certain findings of fact and conclusions of law. The first finding of fact requested was that the note and deed of trust involved were in default on the date of the alleged foreclosure. The court refused this finding of fact, but gave the other findings to the effect that a foreclosure sale did take place; that a bid of a certain amount of money was made; that the trustee's deed was made and delivered to plaintiff; and that no notice of intention to redeem had been served on the trustee. The conclusion of law was to the effect that plaintiff was not entitled to maintain his alleged cause of action because he was not the real party in interest.

The only oral testimony set out in the purported transcript is three questions asked the trustee on cross-examination, none of which pertained to the question of whether the deed of trust was in default; three questions asked witness Dorothy Norby, all of which related to what is referred to as Plaintiff's Exhibit 24, a receipt issued by the First National Bank. Who the witness was or what connection she had with the First National Bank is not disclosed. What connection the receipt has with the issues in this case is not disclosed by the witness' testimony and is not included in the purported transcript. The only other oral testimony appearing in the transcript is one question asked defendant Roberta Dunson, whether she had ever made any payment "upon this first loan that was held down at the First National Bank, that you have heard testified to? A. No, I didn't. I didn't even know the First National Bank had it."

Following these brief excerpts of oral testimony, there is set out an extended colloquy between the court and plaintiff's counsel, wherein the court stated, among other things, "Now, I am going to tell you frankly, I don't believe Mr. Brooks (plaintiff) testified truthfully to a single thing, except his name and address * * * I never heard such a story. I have never heard such a contradiction.

"(Plaintiff's attorney) I know he was confused. * * *

"(The court) It is my opinion that Frederick E. Nolte is the present owner of the property. * * *

"(Plaintiff's attorney) The property is paid for. It certainly cannot be questioned.

"(The court) Yes, I do, I question everything of this transaction. * * * This story of his won't hold water.

"(Plaintiff's attorney) I know, he was very confused. He don't know from one day to the next. * * *

"(The court) This man (plaintiff) is a straw, if there ever was one. He couldn't carry a story from one answer to the next. * * *

"(The court) The findings in this case are going to be that the plaintiff is not the proper party to maintain this action. It is my opinion he is not the owner. In making this decision, I am not attempting to say the defendants are the owners of the property. I am not passing on that, they have not established that, but they don't have to. I am going to find the issues against the plaintiff, * *. * I cannot swallow this story of his".

The transcript filed here does not contain one word of testimony by plaintiff Brooks.

Defendants' counsel refused to agree in writing or otherwise that the transcript as presented was true and correct; but the trial court did "find the foregoing to be a correct partial transcript of the record on appeal". Following the certificate of the trial judge are attached certain purported exhibits which are not shown by the transcript to have been identified and introduced in evidence. The purported exhibits are (a) a deed of trust executed by one Joseph Robinson and wife to J. John Gillis, trustee, to secure a note in the sum of $2,150, payable $21 a month; (b) a check signed by Thurman L. McCormick, payable to J. John Gillis, trustee, for $3,350; (c) a trustee's deed executed by J. John Gillis following a foreclosure sale under the Robinson note and deed of trust; (d) affidavit of publication of said notice of foreclosure; and (e) a copy of the note for $2,150 signed by the Robinsons, together with payments that had been entered thereon.

Attached to the motion to dismiss the appeal is the affidavit of the court reporter wherein she states that she reported the trial of this case, and that if all of the evidence was transcribed it would probably exceed 200 pages; that she transcribed only the parts requested by plaintiff, which consist of 32 pages. From the trial court's statement in the record and the affidavit of the court reporter, it is apparent that there was considerable oral evidence introduced by both plaintiff and defendants, practically none of which is included in the purported transcript.

**308**

In a jury waived trial the appellate court reviews the case upon both the law and evidence, as in suits of an equitable nature. There is really nothing in this transcript for us to review.

In his brief plaintiff (appellant) presents two points: (a) That "the court erred in deciding as a matter of law that plaintiff was not, under the law, the real party in interest, and therefore not entitled to maintain said unlawful detainer suit"; and (b) "that the court erred in attempting to determine the nature of plaintiff's title, whether beneficial or otherwise, and in receiving testimony as to the title or interest claimed by defendants". No appellate court could determine, or even surmise, whether the trial court had erred in such particulars without the evidence being presented in the transcript.

However, in his suggestions in opposition to the motion to dismiss, appellant contends that the only question for consideration by this court is one of law and that it would serve no useful purpose to include the evidence in the transcript; and that the court made certain findings of fact concerning the foreclosure sale which he concedes to be true. It should be pointed out that the court did not find, in fact refused to find, that the note secured by the deed of trust was in default at the time of the foreclosure sale. If it was not in default, no legal foreclosure could be had.

Appellant also contends that more than 30 days prior to the time for filing the transcript in the circuit court, appellant's counsel served on defendants' counsel a statement of the points to be relied on in the appellate court, together with a statement of facts which the evidence tended to prove, and that the defendants failed, within ten days thereafter, to indicate whether they desired the evidence to be included in the transcript; and that by such failure, defendants agreed that said statement was correct and that the evidence need not be included in the transcript. He relies on Rule 1.06 to support this contention. That rule is not applicable for several reasons. First, it provides that "when an appellant desires only to have reviewed legal questions with respect to *instructions given or refused * * *"*. There were *no instructions given or refused* in this case. The rule also provides that the appellant, after serving such statement, *shall file the same in the trial court.* There is nothing in this record to indicate that was done and appellant does not claim that it was done. The rule also requires that "the statement shall * * * contain a request to the respondent to indicate * * * whether or not the respondent desires the evidence to be included in the transcript". There is attached to appellant's suggestions in opposition to the motion to dismiss, a copy of the statement of points to be relied on, and a copy of "stipulation of facts". Neither requests the defendants to state whether they desire "the evidence to be included in the transcript" and appellant makes no contention that a separate written request was made. For these reasons, Rule 1.06 is of no aid to the appellant.

The transcript is so deficient and incomplete that we cannot determine whether the trial court erred in dismissing the complaint.

From what we have said, it follows that the appeal should be dismissed. It is so ordered.

All concur.