Charles A. TARANTOLA, d/b/a Southampton Hauling Company (Plaintiff),
Appellant,

v.

JOHNNY HEMPHILL, INC. (Defendant),
Respondent.

No. 30166.

St. Louis Court of Appeals.
Missouri.

May 19, 1959.

As Modified May 28, 1959.

Motion for Rehearing or to Transfer to Supreme Court Denied June 15, 1959.

Abraham Davis, Robert W. Kroening, St. Louis, Adolph K. Schwartz, St. Louis, of counsel, for appellant.

Ely & Voorhees, Alphonso H. Voorhees, St. Louis, Fred J. L. Schuler, Clayton, for respondent.

WOLFE, Presiding Judge.

This action was brought to recover property damages. The damage was to a La

Crosse lowboy trailer used to haul heavy equipment. It occurred when a pull shovel operated by one of the defendant's employees was being loaded upon the trailer. The pull shovel slipped off the lowboy trailer and both the trailer and the pull shovel were damaged. The defendant counterclaimed for the damage to the pull shovel. There was a verdict and judgment for the defendant on the plaintiff's cause of action and for the defendant on its counterclaim in the sum of $7,500. The plaintiff prosecutes this appeal.

■ There has been filed a motion to dismiss the appeal for the reason that the brief of appellant fails to comply with Supreme Court Rule 1.08, 42 V.A.M.S. The rule first provides that the brief shall contain a "concise statement of the grounds on which the jurisdiction of the review court is invoked". The appellant's brief in its statement of the grounds of jurisdiction merely sets out the legal jurisdiction of the court without stating any grounds upon which that jurisdiction is invoked. However, since it is obvious from the following page of the brief that the amount involved is within our jurisdiction, we do not consider that the erroneous omission is sufficient to warrant a dismissal of the appeal.

■ The statement of facts required by the rule is "A fair and concise statement of the facts without argument". On this score the appellant's brief appears to be somewhat deficient, but not enough for us to say that the appeal should be dismissed because of it.

The third requirement of the rule is that the points relied on "shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, * * *" Points I, II, III, and VI of the appellant's brief are as follows:

"I. The Court Erred in Giving Instructions 2 and 3." (Followed by citations.)

"II. The Court Erred in Giving Instruction No. 6." (Followed by citation.)

"III. The Court Erred in Commenting on Instructions to the Jury." (Followed by citations.)

"VI. The Court Erred in Refusing to Give Instruction 'F', Requested by Appellant." (Followed by citations.)

■ None of these points asserts any reason for the errors claimed and where the statement fails to assert a reason the assignment is not in compliance with the rule. Our appellate courts have frequently stated this and since the points quoted present nothing for review, we shall not consider them. The motion to dismiss the appeal will be overruled however, and we shall consider the other points presented. Gurley v. St. Louis Public Service Co., Mo.Sup., 256 S.W.2d 755; Brooks v. Dunson, Mo.App., 272 S.W.2d 305; State ex rel. State Highway Commission v. Hudspeth, Mo.Sup., 297 S.W.2d 510; Lewis v. Watkins, Mo.App., 297 S.W.2d 595.

The facts of the case are that plaintiff, appellant, was engaged in the business of transporting heavy equipment such as earth moving machines. The defendant, respondent, had a large piece of equipment known as a Northwest 25 pull shovel, which weighed about 49,000 pounds. This pull shovel had been in use by the defendant in connection with sewer construction work in a subdivision known as Oak Crest, located in St. Louis County. It was the desire of the defendant to move the pull shovel to a new job on East Watson Road in St. Louis County. On July 27, 1955, Russell Bushie, who was at that time employed as a foreman by the defendant, telephoned the plaintiff's office and told plaintiff's employee who answered the phone about the equipment that the defendant desired to move, its location and destination. In compliance with the phone call the plaintiff dispatched to Oak Crest sub-

division a La Crosse lowboy trailer which was pulled by a White tandem tractor.

This tractor-trailer combination was operated by a man named Keithley, an employee of the plaintiff. Keithley testified that when he arrived at the Oak Crest subdivision he backed the trailer from Spellman Avenue onto the job site. He said that a man named McGhee, who was the operator of the pull shovel and an employee of defendant, directed him to back the trailer to a point about 15 feet from the pull shovel. There laborers on the job site attached skid boards or ramp boards to the rear of the lowboy trailer. Keithley said that he supervised the placing of these boards.

Keithley further testified that after the ramp boards were in place McGhee, the driver of the pull shovel, tried to drive it up the ramp boards onto the trailer. He said that McGhee made a number of attempts to get up the ramp but he was unable to do so because there was mud in the treads of the pull shovel which caused it to slip backwards. He said that there was mud where the pull shovel had been standing. He also testified that McGhee placed dirt on the ramp boards to get traction and that after six to eight attempts the pull shovel reached the break point at the top of the boards. As its weight settled onto the trailer it started to slip and fell off the trailer on its left side. Keithley said that he stood at the right side of the tractor during the time McGhee was driving the pull shovel. Both the trailer and the pull shovel were damaged and the damage to the trailer was placed at $2,000.

McGhee, the operator of the pull shovel, testified that when Keithley arrived with the tractor-trailer he asked him to back the trailer up against an embankment that was level with the trailer bed, so that the pull shovel could be driven directly from the bank onto the trailer without the use of a ramp. Keithley declined to do this because it would block traffic on a street near the bank. Keithley placed the trailer and according to McGhee he then stood on the tractor and directed McGhee in guiding the pull shovel up the ramp. When seated at the controls of the pull shovel, McGhee could neither see the tracks of the pull shovel nor the ramp, so that he was dependent upon the directions given by Keithley. McGhee backed up and went forward five or six times to line up the treads of the pull shovel with the ramp boards. The first time that he tried to go up the ramp the pull shovel slipped backward a little. He then backed up and with the pull shovel spread some dirt on the ramp. This was a customary procedure where there was any slipping. After the dirt was on the ramp he had no trouble going up and after he reached the top and the pull shovel's weight settled on the trailer it slipped to the left side and fell off.

There was evidence that a winch is frequently used to load such equipment and that the tractor was equipped with such a winch. There was also evidence that the trailer was parked on a slant so that the left side of it was lower than the right side. The ground was dry except for the spot where the pull shovel had been standing. The equipment had been washed at that place and there was some mud around it because of this.

There was evidence that the most suitable way to load heavy equipment is from a bank and that in the absence of a bank from which the equipment can be driven directly upon the trailer bed, the next best location for loading is from level ground. There was evidence that level ground was available just south of where the loading was attempted. At the point where the trailer was actually parked the right side of the trailer was three to six inches higher than the left.

There was also evidence that by custom and practice of long standing the driver of the hauling company engaged in moving heavy equipment takes complete charge of the loading of such equipment upon the trailer of the hauling company.

As to the damage to the pull shovel, there was evidence that repairs on it cost $3,639.52. One witness testified that before the accident the pull shovel was worth $16,000, and another placed its value at that time at $14,750. One of these witnesses placed the value of the pull shovel after the accident at $5,000. There was also some evidence of a loss of profit in the sum of $1,040.

The plaintiff, appellant, contends that the trial court should have directed a verdict for the plaintiff on defendant's counterclaim on the ground that the defendant's pull shovel operator was guilty of contributory negligence as a matter of law. It is asserted that since the trailer was parked in such a way that it sloped from three to six inches to the left, this should have been obvious to the defendant's driver and he was negligent as a matter of law in not seeing what was plainly visible.

There is no exact formula by which it may be determined that a condition is so obviously dangerous that one is bound to see it, and each case must depend upon its own facts. Coats v. Sandhofer, Mo.App., 248 S.W.2d 455. "'As a general rule a man is not required to look for danger when he has no cause to anticipate danger.'" Elgin v. Kroger Grocery & Baking Co., 357 Mo. 19, 206 S.W.2d 501, 507; Louisville & N. R. Co. v. Beatrice Foods Co., Mo.App., 250 S.W.2d 825. There was plain and unequivocal evidence that the loading operation from start to finish was directed by Keithley. He was charged with the duty to safely load the pull shovel and McGhee had a right to rely upon him in the absence of some obvious danger. We certainly cannot say as a matter of law that the slight slant of Keithley's trailer was an obvious danger of which McGhee was bound to take notice. The point is therefore without merit.

Another point raised is as follows: "The Court erred in excluding evidence of the cost of repairs to respondent's equipment." This is an absolute misstatement of the ruling of the court which did admit in evidence the amount of the repair bill. The point raises a false issue and is without merit.

The last point raised is that the verdict is excessive. In arguing this the plaintiff completely ignores the testimony relating to the value of the pull shovel before and after the accident. It is unnecessary to repeat the evidence set out above, which is sufficient to have supported a verdict considerably larger than the amount awarded.

The motion to dismiss the appeal is overruled and the judgment is affirmed.

ANDERSON and RUDDY, JJ., concur.