James A. STEMMLER,
Plaintiff-Appellant,

v.

Susan H. CRUTCHER, et al.,
Defendants-Respondents.

No. 50342.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 7, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

David G. Lupo, St. Louis, for James A. Stemmler.

Clyde C. Farris, Clayton, for Susan H. Crutcher.

Jerry J. Murphy, St. Louis, for Robert Thomas.

SATZ, Judge.

Plaintiff, James A. Stemmler, brought this action, contesting the Last Will and Testament of Dorothy P. Ecker, decedent. The will, dated May 14, 1975, was executed a few days after decedent had been admitted to the hospital for a broken hip. Plaintiff was not listed as a beneficiary under this will. He apparently had been a benefi-

ciary under four prior wills of decedent, which were drafted by a different attorney. Susan Crutcher and Robert Thomas, defendants, are beneficiaries and proponents of the May 14, 1975 will. The jury found this will to be decedent's Last Will and Testament. Plaintiff appeals. We affirm.

Plaintiff argues that defendants, as proponents of the will, failed to sustain their burden of proving the will was decedent's last will and testament. We disagree.

Most of that portion of the trial relevant to the execution of the will is not part of the transcript on appeal. However, the parties, in their respective briefs, agree to the following sequence of events at trial.

Defendant Crutcher called the attorney who drafted the May 14 will as a witness. She also called two of the three attesting witnesses to the will, who testified to the execution of the will. Crutcher then closed what was called her "prima-facie case". Plaintiff moved for a directed verdict. He argued that Crutcher had not sustained her burden of establishing the will because she had not produced or accounted for all three attesting witnesses. The trial court denied this motion. The next day, defendant Thomas put on the stand a paralegal from his attorney's firm. The paralegal testified about his attempts to locate the third attesting witness. After defendant Thomas rested, plaintiff again moved for a directed verdict on the same grounds he used in his prior motion. The trial court also denied this motion. These rulings of the trial court were proper. The testimony of two of the three attesting witnesses was sufficient to make a "prima facie" case.

The proponents of a will have the burden of proving the contested document was executed and signed by the decedent as his or her last will and testament. *See, e.g., Keifer v. St. Jude's Children's Research Hospital*, 654 S.W.2d 236, 237 (Mo.App.1983); *Maurath v. Sickles*, 586 S.W.2d 723, 726 (Mo.App.1979). This general principle says nothing about the number or type of witnesses needed to meet that burden, and no statute specifically addresses the issue. However, our courts have stated the prede-

cessor statutes to § 473.053, RSMo.Supp. 1984 should be used to resolve this issue in will contest cases. *See Craig v. Craig,* 156 Mo. 358, 56 S.W. 1097, 1098 (1900); *George v. Moulder,* 257 S.W.2d 380, 382–83 (Mo. App.1953); *Berst v. Moxom,* 157 Mo.App. 342, 138 S.W. 74, 76 (1911).

Section 473.053 tracks its predecessors and like its predecessors sets witness requirements in probating a will. The statute reads:

1. At least two of the subscribing witnesses to a written will shall be examined if they are alive and competent to testify and otherwise available. Before any will is probated in the probate court each of at least two witnesses thereto shall testify to facts showing that the will was executed in accordance with section 474.320, RSMo. This section does not alter the rules of evidence as to the establishment of a will by probate in solemn form or affect the probate of a self-proved will.

2. If either or both of the subscribing witnesses to the will are dead, physically or mentally incapable of testifying, or their whereabouts unknown, then due execution of the will by testator and its attestation by subscribing witnesses shall be proved by the available subscribing witness, if any, and proof of the handwriting of any dead or mentally incapacitated subscribing witness or subscribing witness whose whereabouts is unknown, or by such other competent evidence as is available.

■ If this language is to control here, the two attesting witnesses who testified on defendant's behalf were sufficient to make a prima facie showing of the execution of the will. Even without specifically relying on § 473.053, we would find the testimony of two of the three attesting witnesses was sufficient to make a prima facie case that this will was decedent's last will and testament. Only two witnesses are necessary to prove the execution of a will. *See* § 474.320, RSMo. 1978. *See also Brownfield v. Brownfield,* 249 S.W.2d 389, 391 (Mo.1952); *Oliver v. Union National*

*Bank of Springfield,* 504 S.W.2d 647, 650 (Mo.App.1974). If a will can be validly executed and probated with only two attesting witnesses, we see no reason for requiring a third attesting witness to establish a will in a will contest action. As stated in *German Evangelical Bethel Church of Concordia v. Reith,* 327 Mo. 1098, 39 S.W.2d 1057, 1061 (1931) "the law does not leave a will at the mercy of the subscribing witnesses; and, even though some or all of them appear and testify adversely, the instrument may nevertheless be established by competent evidence aliunde."

■ Here, two attesting witnesses and the attorney who drafted the will testified to the proper execution of the will. Even if the third attesting witness were to cast some doubt on the propriety of the execution of the will, defendants still would have made a prima facie case of establishing the will because the other two subscribing witnesses testified they each observed that the noted statutory formalities were fulfilled. *See German Evangelical,* 39 S.W.2d at 1061.

Plaintiff, nevertheless, relies on several cases to support his position. All of these cases are distinguishable, however. For example, in *Lindsay v. Shaner,* 291 Mo. 297, 236 S.W. 319, 324 (1921) the court does state, as plaintiff contends, that a missing witness must be produced or accounted for. In *Lindsay,* however, there were only two witnesses to the will and only one testified to its execution. One witness generally is not sufficient to probate or execute a will. The testimony of *Lindsay* supports defendants' argument rather than plaintiff's.

The only case cited by plaintiff involving three attesting witnesses is *German Evangelical Bethel Church of Concordia v. Reith,* 327 Mo. 1098, 39 S.W.2d 1057 (1931). In *German Evangelical,* two witnesses testified to subscribing to the will in issue. The third attesting witness was deceased. The proponents put on testimony authenticating the deceased witness' handwriting before putting on the two live witnesses. The Court indicated it was necessary to

show why a witness cannot testify in order to use secondary evidence, in this instance the authentication of the handwriting testimony. 39 S.W.2d at 1061. The court did not hold, as plaintiff contends, that all attesting witnesses must be accounted for or produced in order to prove a will. Admittedly, the court did state in dicta:

"It is also true that the several statutes above referred to, taken together, are construed by our decisions as requiring the proponents to present all the attesting witnesses if their testimony is available. Otherwise a prima facie case is not made". (citations omitted). *Id.* at 1061.

However, we have read the statutes referred to and the cases cited and find no support for this dicta. We, therefore, choose not to follow it.

Plaintiff also attacks an evidentiary ruling made by the trial court. Apparently, from what can be gleaned from the limited transcript filed, defendants, as proponents of the will, put on evidence first, plaintiff put on his evidence and then defendants put on "rebuttal" evidence. During these stages of the trial, plaintiff sought to introduce a handwritten note into evidence several different times. The note was found in the files of the attorney who drew up four prior wills for decedent. The note was in the attorney's handwriting and summarized a phone conversation the attorney had with decedent shortly after she had been discharged from a hospital. The note stated decedent did not know the attorney and denied ever having him draft any wills for her. Plaintiff sought to introduce the note on the grounds it was part of the attorney's business records or it was a "verbal act" showing decedent's incompetency. Each time plaintiff proffered the note, defendants objected, and the court sustained each of these objections.

After defendants rested, plaintiff again proffered the note, and this time defendants withdrew their objections. The note was read to the jurors and passed to them without limiting instructions. Then, the court, without formally reopening the case, allowed defendants to call plaintiff and re-examine him. Plaintiff's specific complaints about this procedure are neither clear nor explicit. We address these complaints as we understand them.

■ Apparently, plaintiff complains about the court's initial rejections of the note. This complaint is irrelevant. The note was admitted into evidence, read into the record and passed to the jury. Plaintiff could not be prejudiced by the court initially excluding the note.

■ However, plaintiff also complains he should have been allowed to use the substance of the note earlier in the trial to aid him in cross-examining defendants' witnesses. We doubt whether plaintiff could have effectively used this note to cross-examine defendants' witnesses. Those witnesses, apparently, took no part in the conversation summarized and reflected in the note. More important, plaintiff has not provided us with the transcript of the testimony of these witnesses. Thus, we have no real basis for evaluating plaintiff's complaint, and, for this reason, this complaint is not properly before us. *Brooks v. Dunson*, 272 S.W.2d 305, 308 (Mo.App.1954). *See also Laclede Gas Co. v. Hampton Speedway*, 520 S.W.2d 625 (Mo.App.1975). Moreover, plaintiff made no request at trial to have these witnesses recalled and, thus, cannot now complain about the failure to have them recalled for further cross-examination. *See, e.g., Sanders v. H & S Motor Freight, Inc.*, 526 S.W.2d 332, 335 (Mo.App. 1975).

■ Plaintiff additionally complains it was error to allow defendants to recall plaintiff to the stand for further questioning. On plaintiff's recall, the trial court initially directed defendants to confine their examination of plaintiff to the note in question. During the course of the examination, the court allowed defendants to question plaintiff about his relationship with the attorney who wrote the note. We find no prejudice here. The trial court has discretion to permit evidence to be offered in rebuttal, even when that evidence could have been introduced in the party's case-in-

chief, *see, e.g., Chrisler v. Holiday Valley, Inc.,* 580 S.W.2d 309, 314 (Mo.App.1979), and it also has discretion to control the extent and scope of the rebuttal testimony. *Id.* That discretion was not abused here.

Defendants have filed a motion to strike part of plaintiff's Statement of Fact and a motion for damages for frivolous appeal. We deny each of these motions.

Judgment affirmed.

CRANDALL and PUDLOWSKI, JJ., concur.